## UNITED STATES v. KRALMANN.

### No. 120.

District Court, E. D. Kentucky.

March 5, 1943.

J. T. Metcalf, U. S. Atty., and Harry B. Miller, Sp. Asst. U. S. Atty., both of Lexington, Ky., for plaintiff.

James E. Quill, of Covington, Ky., for defendant.

SWINFORD, District Judge.

This is a proceeding brought pursuant to Section 338 of the Nationality Act of 1940,

54 Stat. 1158, 8 U.S.C.A. § 738, for the purpose of denaturalizing the defendant Hermann Kralmann, alias Hermann Krallman.

The defendant was formerly a citizen of Germany. He entered the United States in 1929. In 1936 he filed his petition in the District Court of the United States for the Eastern District of Kentucky by which he sought to become a naturalized citizen of the United States.

In this petition, which he verified, he made the following statement:

"I am not a disbeliever in or opposed to organized government or a member of or affiliated with any organization or body of persons teaching disbelief in or opposed to organized government. I am not a polygamist nor a believer in the practice of polygamy. I am attached to the principles of the Constitution of the United States and well disposed to the good order and happiness of the United States. It is my intention to become a citizen of the United States and to renounce absolutely and forever all allegiance and fidelity to any foreign prince, potentate, state, or sovereignty, and particularly to German Reich of which at this time I am a subject (or citizen) and it is my intention to reside permanently in the United States."

On April 8, 1936, he was admitted to citizenship and took the oath of allegiance which is as follows:

"I hereby declare, on oath, that I absolutely and entirely renounce and abjure all allegiance and fidelity to any foreign prince, potentate, state, or sovereignty, and particularly to Germany of which I have heretofore been a citizen; that I will support and defend the Constitution and laws of the United States of America against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; and that I take this obligation freely without any mental reservation or purpose of evasion; so help me God. In acknowledgment whereof I have hereunto affixed my signature".

I have set out these two oaths in full as I believe they must be before the reader of this memorandum in order to better understand the conclusions I have reached.

The complaint charges that this verified statement and oath of allegiance were not given in good faith, but that the defendant stated that he renounced his allegiance to the German Reich when in truth and in fact he did not so renounce, but retained his allegiance to the land of his nativity. That this was done with a fraudulent intent and purpose. This briefly sums up the allegations of the petition.

The defendant moves the court to require the plaintiff to make its complaint more definite and certain. It is urged in support of this motion that the case rests on an allegation of fraud and that the facts on which the plaintiff relies to establish fraud must be alleged. That the pleading as it stands is a mere conclusion.

The motion has merit, but I feel to sustain it would be to require the plaintiff to do almost the impossible without submitting a bill of the evidence it proposed to introduce at the trial. Such exactness of pleading is not required or encouraged.

Cases of this character deserve the most careful scrutiny of the courts. The right of citizenship is one of the most cherished possessions of man. On it depends his well being and the welfare of his family. In time of war if his citizenship is denied him it may place him and his family in an unenviable place in society and aside from diminishing his opportunity to earn a living subject all the members of his family and even his friends to suspicion and ridicule, if not to actual bodily harm. To deprive him of his citizenship is to openly deny his patriotism and consign him to the lowest degradation. Patriotism, like the chastity of a good woman, should not need defending.

I point out the seriousness of the charge here in order to try and impress upon the litigants that this is no ordinary law suit, but one which involves a most sacred right.

The defendant insists that its motion should be sustained on the strength of Rule 9(b), Rules of Civil Procedure, 28 U.S.C. A. following section 723c. The rule states:

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."

This rule should, of course, be considered in the light of the whole spirit of modern federal pleading as summed up in Rule 8(a) which emphasizes that the pleading should be short, concise and direct. It must not be supposed that this excellent rule is to be nullified by a too

liberal construction of the other rules providing for expansion of statement in certain instances. Rules 9(b) and 12(e). It seems that the case here would be considered in the light of the latter part of the rule in which it is stated that conditions of a person's mind may be averred generally. Aside from any rule of procedure the real question here to be determined is whether or not the pleading is sufficient to enable the defendant to prepare a response. It cannot, of course, be determined what goes on in a person's mind or by what process he is thinking except by his acts and conduct. This may be one big obvious act or speech or it may be a number of less conspicuous acts any one of which would be insufficient to fix the state of mind but all of which might point unerringly to the mental reservation or the positive intent or purpose of the individual.

It is true the defendant is entitled to be advised on what facts the plaintiff relies to sustain its charge. However, his state of mind alone is in question. He knows what that is, he knows what acts of disloyalty, if any, indicating his mental state at the times charged in the complaint, of which he was guilty. If he is surprised at the trial he is amply protected. Rules 59(a) and 60(b).

There would be no reason to assume that proof of which the defendant had no prior knowledge could be introduced. The very nature of the case is one that requires his personal presence and participation. He must know that no proof will appear which casts suspicion upon his state of mind of which he has no knowledge. The very essence of the offense is the knowledge of the defendant.

The case relied upon by the defendant is United States v. Hartmann, D.C., 2 F.R. D. 477, decided September 15, 1942. This case is directly in point and Judge Kirkpatrick has written a good opinion, but I do not agree with his conclusions.

It seems to me that where there is such ample opportunity to protect the rights of the defendant and he is assured of every opportunity to present his defense secure from any jeopardy of surprise, it is requiring too much of the Government, charged with the responsibility of sustaining the most difficult of allegations, that of intent alone, to place it in the straight jacket of a bill of particulars, which in the present case must be, if it is anything at all, a bill of evidence.

The motion should be overruled. An order to that effect is this day entered.