### GRAY v. BALTIMORE & O. R. CO.

Civ. No. 990.

United States District Court
S. D. Ohio, W. D.

Feb. 23, 1949.

Mathias H. Heck, of Dayton, Ohio, for plaintiff.

26

P. Eugene Smith, of Dayton, Ohio, for defendant.

NEVIN, Chief Judge.

This cause is now before the court on a motion heretofore, to-wit, on October 9, 1948, filed by and on behalf of plaintiff herein, wherein plaintiff moves the court to require the defendant to make its answer "definite and certain * * * by alleging the facts or acts of commission or omission which the defendant claims contributed to cause the collision." In a memorandum attached to the motion, plaintiff cites several decisions by the courts of Ohio, in support of her motion.

■ Under the Federal Rules of Civil Procedure, 28 U.S.C.A., it is not necessary in the Federal Court for either the plaintiff (in a petition) or a defendant (in an answer) to do more by way of an allegation of negligence than defendant has done in its answer in the instant case.

There are a number of "Official Forms" contained in the appendix of forms attached to the Federal Rules of Civil Procedure. Rule 84 of the Federal Rules of Civil Procedure, provides that "The forms contained in the Appendix of Forms are sufficient under the rules and are intended to indicate the simplicity and brevity of statement which the rules contemplate."

In the "comment" under Rule 84, it is stated that the rule as now amended clearly states that the official forms "are sufficient to withstand attack under the rules".

■ Form No. 9 sets forth what it is necessary to plead in a "Complaint for Negligence". It applies equally to an allegation contained in an answer (as in the instant case) alleging contributory negligence.

The Ohio Decisions cited and relied upon by plaintiff in support of her motion, in the light of the present Federal Rules of Civil Procedure, are no longer either controlling or persuasive.

Plaintiff's motion, therefore, is not well taken and it should be, and it is, overruled.

Counsel may prepare and submit an order accordingly.