**SCHLENKER v. THORNE, NEALE & CO., Inc.**

No. 10276.

United States District Court
E. D. New York.

Nov. 18, 1949.

474

Bergner & Bergner, New York City, for plaintiff.

Samuel Mann, New York City, for defendant.

GALSTON, District Judge.

This is a motion by the defendant "pursuant to Rule 12(a) (2) [Federal Rules of Civil Procedure, 28 U.S.C.A.]" for a more definite statement of matters alleged in certain designated paragraphs of the amended complaint; and pursuant to Rule 12(b) to dismiss the third cause of action in the amended complaint on the ground that it fails to state a claim upon which relief can be granted. Rules 8(c) and 9(a) are also invoked as to that part of the motion to dismiss, on the grounds respectively that the plaintiff has no capacity to sue and that the cause of action is barred by the statute of limitations.

The third cause of action alleges that prior to July 10, 1946 (the date of the first sales transaction between plaintiff's assignor, Baile Fuels, Limited, a Canadian corporation, and defendant, a Pennsylvania corporation), Maximum Price Regulation 112 was promulgated pursuant to authority granted under the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A. Appendix, § 901 et seq. that while the Regulation was in force and effect, "it was understood and agreed between plaintiff's assignor and the defendant that the said coal, as to price, grade, specifications and other details, was to be in conformity with the requisites and requirements" of this Regulation and all other pertinent regulations of the Office of Price Administration; that the defendant came within the classification of Group II as defined in Maximum Price Regulation 112; that the plaintiff's assignor, relying upon the false representations of the defendant that the coal sold to it by defendant was "in conformity with the requirements of the aforesaid Maximum Price Regulation 112 * * *, insofar as (they) pertained * * * to maximum prices and maximum per cent of ash content," purchased the coal at the prices charged; and that these prices exceeded the legal maximum prices established for the quality sold. In conclusion, it alleges an overpayment of $13,602.25 by the plaintiff's (sic) in reliance on the alleged false representations of the defendant.

Sec. 4 of the Emergency Price Control Act of 1942, as amended, states: "It shall be unlawful, regardless of any contract, agreement, lease, or other obligation heretofore or hereafter entered into, for any person to sell or deliver any commodity, or *in * the course of trade or business to buy or receive any commodity * * * * in violation of any regulation or order under (the Act)." 50 U.S.C.A., Appendix § 904(a).

The Act also provides: "If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, the person who buys such commodity *for use or consumption other than in the course of trade or business* may, within one year from the date of the occurrence of the violation * * * bring an action against the seller on account of the overcharge." Sec. 205(e), 50 U.S.C.A.Appendix, § 925 (e).

The above section also provides that the Price Administrator may bring an action if the buyer fails to do so within thirty days from the date the violation occurred, or if the buyer "is not entitled for any reason to bring the action."

Plaintiff in effect is complaining of a violation of the Emergency Price Control Act.

Sec. 205(e) of the Emergency Price Control Act of 1942, as amended, grants a right of action to a buyer of goods where he is a consumer but not where he buys "in the course of trade or business". The statute is quite specific and unambiguous on this point, and the cases have uniformly limited the right of action thereunder to such a buyer.

There is nothing in the third cause of action which alleges that the plaintiff's assignor bought "for use or consumption" or "in the course of trade or business". However, paragraph "Thirty-Sixth", which is a part of the fifth cause of action, discloses that the plaintiff's assignor made known to defendant that the coal was purchased for resale. The third and the fifth causes of action apparently deal with the same transactions.

In Armour & Co. v. Blindman, D.C.1947, 73 F.Supp. 609, at page 610, the court stated, "A reading of these two sections—904 (a) and 925(e) (of 50 U.S.C.A.Appendix) —impels the conclusion that a buyer in the course of trade or business who buys at over-ceiling prices commits an unlawful act, and that the only member of the buying public who is vested with a right to bring an action against a seller for an overcharge under the Act is one who buys for use or consumption other than in the course of trade or business; that is, 'the ordinary non-commercial consumer * * *. In all other cases, the right vests in the Administrator * * *.' Bowles v. Glick Bros. Lumber Co., 9 Cir., 146 F.2d 566, 568."

The court granted the defendant's motion for summary judgment.

Johnson v. Frank Sheridan Jones & Son, D.C., 71 F.Supp. 668, affirmed without opinion in 2 Cir., 161 F.2d 732, is to the same effect. The court there held, unless the plaintiff can qualify under sec. 205(e) of the Emergency Price Control Act, he has no cause of action under the Act, citing Porter v. Warner Holding Co., 328 U.S. 395, 401, 66 S.Ct. 1086, 90 L.Ed. 1332.

Plaintiff nevertheless contends that the third cause of action is not controlled by the relief provided for in the Emergency Price Control Act because it is not for any penalty for violation of the Maximum Price Regulation. The Act provides, however, for a right of action for "overcharges" as well as for penalties in the form of treble damages. 50 U.S.C.A.Appendix, § 925(e).

Nor is the action brought within the statutory period. Sec. 205(e) of the Emergency Price Control Act establishes the time within which an action may be brought for a violation thereunder as "one year from the date of the occurrence of the violation". The transactions complained of here are alleged to have occurred between "about July 10, 1946 and December 30, 1946". Therefore, insofar as the plaintiff seeks to bring an action for violation of the Act, he is barred by lapse of time.

---

* Italics added.

■ With respect to that part of the motion seeking more definite statements, Rule 12(a) (2) is relied upon by the defendant. This subsection refers only to the extension of time allowed, if the court grants a motion for a more definite statement, to file a responsive pleading. Rule 12(e), however, deals specifically with motions for more definite statements. It provides: "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleading. The motion shall point out the defects complained of and the details desired."

Paragraphs "Fourth", "Fifth" and "Twenty-Eighth" are objected to on the ground that the pleadings are insufficient because the allegations "do not allege both sides of the account". The details desired by the defendant are: (1) the amount of each grade purchased, (2) the date when each grade was purchased, (3) the price paid for each grade purchased, and (4) the date when payment was made.

Wisner v. Consolidated Fruit Jar Co., 1898, 25 App.Div. 362, 49 N.Y.S. 500, cited by defendant, is not in point. The case is concerned with what a plaintiff must prove when his action is brought on the theory of overpayment. It does not deal with insufficiency of the pleadings. Furthermore, "both sides of the account" are alleged in the pleadings. The dates between which the purchases were made is alleged (paragraphs "Fourth" and "Twenty-Eighth"), as well as allegations of the prices charged for the various grades purchased ("Fifth"), the prevailing market price for the several grades of coal purchased ("Sixth"), and the difference between the prevailing market price and that actually paid ("Seventh"). Consequently, the pleadings are neither vague nor ambiguous.

It must be observed that the defendant is not a stranger to the sales in question. It was the seller; and it is reasonable to assume that it has records of the purchases involved. The details of these transactions are as much within the knowledge of the defendant as of the plaintiff or his assignor. The salutary mandate of Rule 8 requiring the complaint to be short and the allegations to be simple, concise and direct, should be given due regard. For purposes of obtaining detailed information as to the cause of action and of limiting the issues to be tried, expedient methods are provided in Rules 16 and 26–37.

■ The motion as to more definite statement is also directed to paragraph "Thirty-Second" which reads: "That by reason of the aforesaid, plaintiff's assignor was damaged in the sum of $51,563.84."

To the question whether a motion for more definite statement will lie as to allegations of damage, Moore's Federal Practice states: "On principle, the answer would seem to be no, since a pleading could hardly be 'so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading' as to allegations of damage. If the allegations of damage are general, the defendant can deny them generally." (2nd Ed. 1948, vol. 2, p. 2305)

Even assuming that a motion for a more definite statement is proper as to allegations of damages, the allegations of the fourth cause of action, read as a whole, would remedy the defects the defendant points out. Paragraph "Twenty-ninth" alleges a warranty that the coal purchased (or to be purchased) was "No. 1 Grade Pennsylvania Anthracite". Paragraph "Thirty-first" alleges that the coal purchased was "an inferior grade" and was worth $4.00 a ton less than the amount charged by the defendant. Paragraph "Thirty-second" alleges total damages of $51,563.84. Moreover, paragraph "Twenty-eighth" indicates that the sales covered purchases between July 10, 1946 and December 30, 1946. There is sufficient alleged here to show the value of the goods at delivery and the value they would have had if they had conformed to the warranty.

■ In connection with paragraph "Thirty-second", more information, it is contended, is necessary to enable the defendant to prepare for trial. The motion to make more definite under Rule 12(e) is not

the proper means to obtain information necessary to prepare for trial. The 1946 amendment to Rule 12(e) clearly states that a motion for a more definite statement is proper only "if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." The Committee Note of 1946 to Amended Subdivision (e) states: " * * * the motion provided for is confined to one for more definite statement to be obtained only in cases where the movant cannot reasonably be required to frame an answer or other responsive pleading * * *. With respect to preparations for trial, the party is properly relegated to the various methods of examination and discovery provided in the rules for that purpose."

There is more merit in the defendant's objections to paragraph "Thirty-eighth", which is declared to be too general. The fifth cause of action, of which this paragraph is a part, appears to be one for special damages. Paragraphs "Thirty-sixth," "Thirty-seventh" and "Thirty-eighth" allege knowledge on the defendant's part that the goods were purchased for resale in the ordinary course of business and resales by the plaintiff's assignor with the same warranties, to the damage of the "plaintiff" in the sum of $50,000, "by reason of such resales with the aforesaid warranty * * *".

Rule 9(g) requires that special damages must be pleaded with particularity. There is nothing contained in the allegations which shows how the sum of $50,000 was arrived at as damages over and above the damages for breach of warranty as set forth in the fourth cause of action. Loss of profits may be a basis for special damages here. If that is the special damage alleged, it should be specifically stated.

In view of the foregoing, that part of the motion seeking a dismissal of the third cause of action is granted, as is also the requirement for a more definite statement as to paragraph "Thirty-eighth". The remainder of the motion is denied. Settle order on notice.