### MORSE et al. v. TEXAS CO. (two cases).
### Nos. 2802, 2840.

United States District Court
W. D. Louisiana, Opelousas Division.
March 4, 1950.

24

Warren Hunt, John C. Morris, Jr., Rayville, Louisiana, for plaintiff.

D. Douglas Howard, New Orleans, Louisiana, for defendant.

DAWKINS, Chief Judge.

These cases have been consolidated 'for the purposes of the motions hereafter considered and briefed in the same manner. They are petitory actions, coupled with demands for an accounting of revenues and profits. Complainants deraign at length both their titles and that of defendant, referring to numerous recorded documents in the conveyance office and court records of St. Martin Parish, Louisiana. The suits were filed originally in the state court, but removed here by the defendant on the grounds of diverse citizenship.

The motions styled "motions for more definite statements," contain averments by the defendant that the petitions are "so vague, indefinite and ambiguous" that it cannot frame a responsive pleading thereto and plaintiff should be required to serve upon it and file forthwith in the records as part of their petitions and complaints a long list of documents. This list is lettered from "a)" to "u)," both inclusive, and consists of deeds and other contracts in the said records alleged to constitute the titles, as to which the complaints give book and page number in which they are recorded, except the following:

f) Referred to in the motion as "a judgment in the succession of John F. Morse * * *" and covered by Paragraph 7 of the complaint;

g) (Paragraph 8 of the complaint) An alleged contract by which Belle Fisher Morse conveyed to H. W. Whately certain interest in the property;

h) (Paragraph 9) Copy of final judgment in the succession of Emma Locke Morse;

i) (Paragraph 9) A judgment of divorce between said Emma Locke Morse and Clifford Morse;

j) (Paragraph 10) An agreement between Madelyn Morse McCulley, Tom, Kenneth and Clifford Morse, with respect to the interest of H. W. Whately;

k) (Paragraph 11) Copy of judgment in the succession of the said H. W. Whately;

o) (Paragraph 19) Copy of an oil, gas and mineral lease alleged to have been executed by Clifford and John Morse and H. W. Whately, on one part, and by The Texas Company, on the other part; and,

p) (Paragraph 22) Copy of a subsequent agreement.

■ Defendant, in support of its motion to require the production of all of these documents, cites Rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S. C.A., and Article 174 of the Code of Practice (declaring that in suits "founded on a notarial * * * act, * * * copy must be annexed to the petition * * *") and Article 175 of the Code of Practice (requiring the production of an act under private signature when "the title on which the demand is founded" is called for in a prayer for oyer). Rule 12(e) of the Federal Rules of Civil Procedure, of course, is the one permitting the defendant to move for a more definite statement before interposing its responsive pleading, which is substantially the same as the old practice of asking for a bill of particulars, and if in the judgment of the court the claim is sufficiently stated to enable defendant without difficulty to plead, it should be denied. An examination of the complaint will disclose that it does not appear to be ambiguous, but really recites more details than ordinarily would be expected. It is not considered necessary to analyze the long and intricate recitals of the chain of title.

■ As to the two articles of the State Code of Practice, it is the court's view that

these provisions of the state's law have reference to the particular deed or title by which the complainant acquired his claimed interest, and not the whole chain of title running back through many recorded documents, as is the request made here. The plaintiffs will be required to produce and annex to their complaints copies of such deeds or assignments only by which they claim title passed into their own names.

With respect to the unrecorded documents above enumerated, the defendant has its remedy through interrogatories and demands upon plaintiffs that they produce in connection therewith such documents as may be necessary.

It is anticipated that the titles in these cases can be largely determined upon abstracts which one side or the other, or perhaps both, may furnish when they are submitted. Otherwise, the motions will be denied. Proper decree should be presented.