## ANDRIST v. KANSAS CITY TERMINAL RY. CO.
### No. 6131.

United States District Court
W. D. Missouri, W. D.

March 20, 1950.

Alfred H. Osborne, Kansas City, Mo., for plaintiff.

Horace F. Blackwell, Jr., Lathrop, Crane, Sawyer, Woodson & Righter, Kansas City, Mo., for defendant.

REEVES, Chief Judge.

The defendant has filed its motion for a more definite statement as authorized by paragraph (e) of Rule 12, Federal Rules of Civil Procedure, 28 U.S.C.A. This rule provides that: "If a pleading to which a responsive pleading is permitted *is so vague or ambiguous* (Emphasis mine) that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleading." By its motion the defendant seeks information as to "exactly in what manner and by whom the box or parcel was caused or permitted to fall", as to "the exact location of the box or parcel before its alleged fall, its path of fall, location after the fall, and what employees of defendant, either by name or by class, other than plaintiff had exclusive control and management of said box or parcel."

1. It will be observed from the foregoing that the defendant does not seek a more definite statement because the averments are vague or ambiguous, but the defendant seeks information by its motion which is in the nature of a motion for a bill of particulars. The motion for a bill of particulars has been deleted from the Rules. This was done for the reason that such rule impinged upon Rule 8 which enjoined conciseness in pleadings rather than verbose pleadings.

2. The motion for a more definite statement has been much discussed in the cases. And long before the promulgation of our new rules it was held in all the opinions, as well as stated in the texts, that it "will not lie where the allegations of the pleading against which it is directed are adjudged sufficiently definite, certain, or specific to inform the opposing party of the *nature of the cause of action or defense.*" (Emphasis mine.)    49 C.J. par. 6, Section 1036, p. 737.

The meaning of the rule was ably discussed by the late Judge J. T. Blair in Walsh v. Pulitzer Publishing Co., Mo.Sup., 183 S.W. 587, loc. cit. 588, 589.

The several discovery rules are designed to afford a litigant information sought in this way.

3. Our local rules require that counsel, in filing the motions, always support same with the citation of authorities. This was not done in the instant case.

The motion for a more definite statement should be and will be overruled.