## C. I. T. FINANCIAL CORPORATION
### v. SACHS.

United States District Court
S. D. New York.
April 21, 1950.

Isseks, Meyers & Verdon, New York City, for plaintiff, Samuel M. Koenigsberg, Ernest S. Meyers, New York City, of counsel.

Emil Weitzner, New York City, for defendant, Edgar S. Rosenblatt, Joseph Levine, New York City, of counsel.

CONGER, District Judge.

Motion for an order directing plaintiff herein (a) to make a more definite statement of its claim pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A. and (b) to state the circumstances constituting the fraud alleged in the amended complaint with particularity pursuant to Rule 9(b) of the Federal Rules of Civil Procedure, or in the alternative to strike certain allegations from the amended complaint on the ground that they are immaterial.

The action is for fraud in which plaintiff seeks to recover from defendant the sum of $1,440,000.

It is essential that this complaint must allege the making of representations on the part of defendant; that the representations were false and that the defendant knew them to be false and made them with the intent to deceive the plaintiff; that

the plaintiff believed the representations to be true and acted in reliance upon them and was deceived and was damaged thereby.

The amended complaint in my opinion sets forth all. of the above essential allegations. The only question is whether they are set forth in such a vague and ambiguous manner that defendant cannot reasonably frame his answer and whether or not the averments of fraud are stated with sufficient particularity.

It is extremely difficult on a motion of this kind to lay down arbitrarily a hard and fast rule. Each complaint must more or less be judged by the facts of each case.

Other decisions on the point in issue are of little help except in so far as they state the general rule. The parties here are not in dispute as to the general rule but they differ as to its application.

█ The drafter of a complaint must bear in mind that, in the Federal practice, each averment of a pleading shall be simple, concise and direct; that the pleading must not be so vague and ambiguous that it cannot be reasonably answered and further that in an action of this nature the averments of fraud must be stated with particularity.

██ While Rule 9(b) requires particularization of the circumstances constituting fraud, this rule does not abrogate Rule 8(a) which requires short and plain statements in the pleadings. General allegations of fraud are not sufficient; neither is it required that evidence be pleaded. Evidence and proof cannot be made a part of the complaint.

█ Measuring the complaint by the yardstick of the rule above stated, I have come to the conclusion that the amended complaint is sufficient and needs no amplification. Plaintiff has alleged in the complaint that the defendant made certain named false representations with intent that they be acted upon; that plaintiff did rely on them to its damage, being ignorant of their falsity and reasonably believing them to be true. It has set forth the ultimate facts which are the facts which he relies upon and upon which he is seeking relief.

I have read and re-read the amended complaint. I do not find its allegation so ambiguous and vague that an answer cannot be drawn to answer it.

For the purpose of answering this pleading a more definite statement is not necessary. For the purpose of preparing for trial defendant has other methods for obtaining information provided for in the Federal Rules of Civil Procedure.

I am satisfied that the complaint is sufficient as to the allegation of fraud. True, many details are omitted but in my opinion these matters are more in the nature of evidence. The complaint, I believe, conforms to the spirit of the Federal Rules.

Perhaps I should refer to one type of request for information that is repeated a number of times in relation to a number of allegations in the amended complaint. A typical example is found in request No. II in respect to paragraph 7 of the amended complaint. Generally, it asks plaintiff to state whether the negotiations mentioned therein refer to negotiations for the stock transaction or the loan transaction mentioned in paragraph 6.

Plaintiff contends that it makes no difference as far as an answer is concerned; that statements and misrepresentations, etc. furnished and made in the course of the first portion of the negotiations are deemed to be continuing where they affect the result obtained through the second portion even though not expressly repeated. Whether or not plaintiff will be able to sustain this premise on the trial is a matter for the trial court. The plaintiff, proceeding on that theory, should not be required to elaborate its allegations in this respect at this time.

Motions under Rules 12(e) and 9(b) denied.

The motion to strike is denied.

Settle order.