PARAMOUNT FILM DISTRIBUTING
CORP. v. JAFFURS et al., and six
other cases.

Civ. Nos. 9278–9284.

United States District Court
W. D. Pennsylvania.

July 3, 1951.

---

4. See Note 1, supra.

438

Nos. 9278–9283:

James R. Orr, James H. Beal, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for plaintiffs.

Max V. Schoonmaker, Charles Lysle Seif, Pittsburgh, Pa., for defendants.

No. 9284:

John G. Buchanan, David B. Buerger, Smith, Buchanan & Ingersoll, Pittsburgh, Pa., for plaintiff.

Max V. Schoonmaker, Charles Lysle Seif, Pittsburgh, Pa., for defendant.

STEWART, District Judge.

These are seven separate actions brought by various film distributors claiming damages arising from the alleged fraudulent conduct of the defendants in their contractual relationships with the plaintiffs. In each case the defendants filed a motion for a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C. Six of the complaints are identical and the seventh is substantially similar. The motions were joined for argument and will be disposed of together.

The requirements with respect to particularity of a complaint under the Federal Rules of Civil Procedure are clear. Rule 8(a) requires that the pleading contain a short and plain statement of the claim and Rule 8(e) requires that the pleading be simple, concise and direct. Rule 8(e) further provides that no technical forms of pleading are required. A complaint which meets these requirements is sufficient, except where, as provided in Rule 12(e), the pleading " * * * is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading * * *".

Rule 9(b) requires that the circumstances constituting fraud be stated with particularity, except that the condition of mind of a person may be averred generally. This rule should be considered in the light of the theory of and approach to federal pleading as set forth in Rule 8(a). United States v. Kralmann, D.C.E.D. Ky. 1943, 3 F.R.D. 473.

In Continental Collieries, Inc. v. Shober, 3 Cir., 1942, 130 F.2d 631, at 635, the court expressed the theory of pleading under the Federal Rules of Civil Procedure as follows: "Under the Federal Rules of Civil Procedure the function of the complaint is to afford fair notice to the adversary of the nature and basis of the claim asserted and a general indication of the type of litigation involved. * * * Technicalities are no longer of their former importance, and a short statement which fairly gives notice of the nature of the claim is a sufficient compliance with the requirements of the rules." This case has been followed frequently by the courts, and recently in American Ship Building Co. v. Kirk, D.C.W.D.Pa. 1951, 11 F.R.D. 366, and United States v. Kronfeld, D.C. M.D.Pa. 1950, 9 F.R.D. 675.

The requirement of particularity under Rule 9(b) has been considered by the courts many times. In Loew's Inc. v. Makinson et al., D.C.N.D.Ohio 1950, 10 F.R.D. 36, a case very similar to these, the court held that Rule 9(b) requires sufficient particularity as to fraudulent acts to inform defendants of what plaintiffs claim was fraudulent conduct. A similar conclusion was reached in Paramount Film Distributing Corp. v. Ram et al., D.C.E.D.S.C. 1950, 91 F.Supp. 778, where the court stated that a charge of falsely reporting film rentals was sufficient to enable the defendants to frame an answer.

The complaints in these cases allege false reporting by defendants of gross receipts from the exhibition of various motion picture prints, licensed from the plaintiffs at various times during a period from January 1, 1940 to the date of commencement of the actions, resulting in payment of insufficient rental. They give notice of the nature and basis of the claim asserted sufficient to enable the defendants to frame a responsive pleading. Perhaps as pointed out in Loew's Inc. v. Makinson, et al., supra, if only one fraudulent act were relied on, more details as to time and place would be appropriate. However, here such detail would unduly lengthen the complaints in violation of Rule 8(a).

The motions of defendants for a more definite complaint are denied, and the defendants are directed to file answers to the plaintiffs' complaints within twenty days from the date hereof.