MOORE v. ERIE COUNTY AGR. SOCIETY, et al.

Civ. A. 4896.

United States District Court
W. D. New York.

Aug. 13, 1951.

Borins & Hoffman, Buffalo, N. Y., for plaintiff.

Joseph Swart, Buffalo, N. Y., for Buffalo Trotting Ass'n, Inc.

Andrew, Sherwood & Viehe, Buffalo, N.Y., for Erie County Agr. Society.

KNIGHT, Chief Judge.

The defendant Buffalo Trotting Association moves under Rule 8(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., to dismiss the complaint or in the alternative under Rule 12(e) to make the complaint more definite.

The complaint, Paragraph Eight, alleges, "By reason of the negligence and wrongful acts of commission and omission of both defendants, the plaintiff's horses and equipment were wholly destroyed by fire and otherwise, on June 7th and 8th, 1951".

■ The above is the particular paragraph which the defendant, the Buffalo Trotting Association, claims to be insufficient. With this I disagree.

■ Under the present Federal Rules it is not necessary that the pleading state facts sufficient to constitute a cause of action and it need only be a short and plain statement showing the plaintiff is entitled to relief.

Circuit Judge Clark in Dioguardi v. Durning, 2 Cir., 139 F.2d 774, 775, stated: "Under the new rules of civil procedure, there is no pleading requirement of stating 'facts sufficient to constitute a cause of action,' but only that there be 'a short and plain statement of the claim showing that the pleader is entitled to relief' "; Federal Rules of Civil Procedure, Rule 8(a), 12(b), 28 U.S.C.A. See also Atkinson v. Thompson, Trustee for Missouri Pacific Railroad Co., D.C., 10 F.R.D. 258.

The "technicalities are no longer of their former importance, and a short statement which fairly gives notice of the nature of the claim is a sufficient compliance with the requirements of the rules." Continental Colliers v. Shober, 3 Cir., 130 F.2d 631, 635, and see the cases therein cited. See also Moore's Federal Practice 1653 (Second Edition) 1948, and many cases cited.

■ Other means are available to the defendant to obtain information regarding the facts claimed to sustain the charge of negligence.

Motion denied.