## RUDOLPH WURLITZER CO. v. ATOL.

### Clv. 2130.

United States District Court
D. Minnesota, Third Division.

Jan. 24, 1952.

Royal G. Bouschor, Duluth, Minn. and John W. Graff, of Hoffmann, Donahue, Graff & Meier, St. Paul, Minn., for defendant in support of said motion.

Henry Halladay and John G. Dorsey, of Dorsey, Colman, Barker, Scott & Barber, Minneapolis, Minn., for plaintiff in opposition thereto.

DONOVAN, District Judge.

Examination of the complaint discloses two causes of action, each based upon a guaranty and indemnification agreement executed by defendant on December 1, 1947. In due course all rights thereunder and against defendant were assigned to plaintiff, and the second cause of action is brought "to collect a balance due * * * which * * * now amounts to the sum of * * * $6,089.01." It is with reference to this that defendant says he "is without any information as to what items constituted the original account, what items constitute the balance referred to, and what items constitute the subsequent credits referred to."

■ While Rule 12 (e), 28 U.S.C.A., prohibits a type of pleading "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading" thereto, it does not abrogate Rule 8 (a) requiring the pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief". A party should not be compelled to plead evidence or to allege what would amount to a bill of particulars. Proof should not be made part of the complaint under the guise of a motion for a more definite statement.

■ "The new rules * * * restrict the pleadings to the task of general notice-giving and invest the deposition-discovery process with a vital role in the preparation for trial."[1] The complaint conforms to the intent and purpose of the Federal Rules of Civil Procedure. If, following use by defendant of our rules of discovery counsel may wish to amend the answer, ample opportunity will be afforded to that end.

■ Defendant's counsel ably argued in support of the motion, pointing out that "what may constitute a short, plain statement in one case may well not be the guide in another case." This may well be, but, as suggested above, the rules pertaining to discovery adequately serve to furnish the information sought. The old motion for a bill of particulars has been done away with. With a few exceptions, such as for instance the requirements under Rule 9 (b)[2], the character of the motion here relied on by defendant is not favored by the courts.[3]

■ In Dioguardi v. Durning, 2 Cir., 139 F.2d 774, 775, Judge Clark emphasizes the view the court must take of the pending motion under the new Rules of Civil Procedure, saying: "* * * there is no pleading requirement of stating 'facts sufficient to constitute a cause of action,' but only that there be 'a short and plain statement of the claim showing that the pleader is entitled to relief,' * * * however inartistically [it] may be stated".

1. Hickman v. Taylor, 329 U.S. 495, 501, 67 S.Ct. 385, 388, 91 L.Ed. 451; Sparks v. England, 8 Cir., 113 F.2d 579; 2 Moore's Federal Practice (2d Ed. 1948), pages 2283–4; Paramount Film Distributing Corp. v. Jaffurs, D.C.Pa., 11 F.R.D. 437; H. K. Porter Co. v. Bremer, D.C. Ohio, 11 F.R.D. 89; Moore v. Erie County Agr. Society, D.C.N.Y., 12 F.R.D. 6.

2. C. I. T. Financial Corp. v. Sachs, D.C.N. Y., 10 F.R.D. 397.

3. Paramount Film Distributing Corp. v. Ram, D.C.S.C., 91 F.Supp. 778, 779; Andrist v. Kansas City Terminal Ry. Co., D.C.Mo., 10 F.R.D. 58; Bowles v. Sigel, D.C.Minn., 5 F.R.D. 108.

For the reasons hereinbefore set forth, the motion for a more definite statement may be, and the same is hereby denied.

It is so ordered.