**McBEATH v. PIERCE et al.**

**Civ. No. 143.**

United States District Court,
D. Nebraska.

July 25, 1952.

Victor H. Halligan of North Platte, Neb., and Don D. Bowman and Lennart T. Erickson of Denver, Colo., for plaintiff.

Edwin D. Crites of Chadron, Neb., for the defendants.

DELEHANT, District Judge.

The ruling now announced deals with a motion by the defendants for a more definite statement, under Rule 12(e), Fed.Rules Civ.Proc. 28 U.S.C.A., in respect of certain features of the plaintiff's complaint in which he claims damages for alleged negligence on the part of the defendants, physicians and surgeons, in his professional diagnosis and treatment by them.

The motion is directed to paragraphs numbered 5 and 7 of the complaint whose language is set out in a footnote[1]. The

---

1. 5. "That by reason of the carelessness, negligence and unskillfulness of the defendants, in their examination of plaintiff, in their diagnosis of the illness and cause thereof, in the surgery performed upon plaintiff, in their care and treatment of plaintiff before, during, and after surgery, the true cause of Plaintiff's illness was not discovered, their diagnosis was wrong, a wrongful and wholly unnecessary operation was performed upon the plaintiff, and the surgical incision became a wide livid scar with a resulting post-operative Hernia.

7. "That as a direct and proximate result of the said carelessness, negligence and unskillfulness of the defendants, plaintiff's illness, pain and suffering were greatly aggravated, the unnecessary operation caused great delay in the performance of the necessary operation and made it much more difficult, dangerous and painful, plaintiff has suffered and continues to suffer great pain and mental anguish, further surgical and medical treatment will be necessary, the plaintiff was and is temporarily and permanently disabled, has suffered loss of earnings and loss of earning ability, was and is prevented from seeking any gainful employment, all to plaintiff's damage in the sum of One Hundred Thousand and no/100 ($100,000.00) Dollars."

complaint manifestly complies with Rule 8(a) and is prepared with far greater particularity than is suggested in Form 9. The defendants' motion makes sundry requests concerning those paragraphs which are also copied fully in a footnote [2]. The motion must be denied and overruled.

At the outset it may be made clear that the practice in the evaluation of comparable motions which obtains in Nebraska's state courts, and that which, prior to the effective date of the current Rules of Civil Procedure administrable in this court, obtained in the Federal courts, especially when sitting in Nebraska, are not controlling or even notably instructive on this occasion. The motion is to be denied unless it is properly allowable under Rule 12(e). That rule in its present form contemplates the allowance of such a motion only "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading".

Counsel for the defendants premise much of their argument on the supposed necessity that the complaint aver facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendants. But under the practice which obtains here there is no requirement to that effect. The complaint is a statement of the plaintiff's claim and the grounds thereof, not a detailed pleading of the ultimate facts on which he will rely for its maintenance. If the basic nature of his claim be revealed in his complaint he usually need not set out the facts on which it rests with particularity or in detail. Nor, so long as he abstains from the measure of vagueness or ambiguity defined in Rule 12(e), may his adversary, by preliminary pleading, compel him to restate his claim with the exactness and precision which may suit the convenience or taste of the adversary.

When the quoted paragraphs 5 and 7 of the complaint are read either in isolation or in association with the rest of the complaint, it is obvious that their averments may readily be answered by the defendants. This is especially true if regard be had to the defendants' alleged and probable professional capacity. In the doubtful supposition that the complaint falsely or mistakenly charges that as duly licensed physicians and surgeons they examined and treated the plaintiff, and that they were and are strangers to him professionally, they may easily so declare. But, if examination and treatment be admitted and the alleged negligence therein is to be either denied or acknowledged and avoided, then, after the fashion

---

2. "With respect to Paragraph 5 of the Complaint, that the facts referring to defendants' "carelessness" on which plaintiff relies, be stated.

"With respect to Paragraph 5 of the complaint, that the facts referring to defendants' "negligence" on which plaintiff relies, be stated.

"With respect to Paragraph 5 of the complaint, that the facts referring to defendants' "unskillfulness" on which plaintiff relies, be stated.

"That such facts be so stated with reference (a) to defendants' examination of the plaintiff, (b) to their diagnosis of the illness of the plaintiff, (c) to their diagnosis of the cause thereof, (d) to the surgery performed upon plaintiff, (e) to their care and treatment of the plaintiff before, during and after surgery, and (f) to the true cause of the plaintiff's illness.

"With reference to said Paragraph 5 that plaintiff state what diagnosis defendants made, and further state wherein said diagnosis was wrong.

"With reference to said Paragraph 7, that plaintiff state what wrongful and wholly unnecessary operation was performed upon plaintiff, what the operation was that was performed and wherein it was wrongful and unnecessary.

"With reference to Paragraph 7, that plaintiff state what the "necessary operation" therein referred to was and wherein said "necessary operation" was made more difficult, dangerous and painful.

"With reference to said Paragraph 7 that plaintiff state what further surgical and medical treatment will be necessary.

"With reference to said Paragraph 7 that plaintiff state in what respects plaintiff was and is temporarily and permanently disabled."

of their calling and with the aid of eminently competent counsel they can readily meet the averments of the complaint. That being true, Rule 12(e) denies their right to the more definite statements they seek.

The position thus taken by the court is in harmony with its consistent administration of the cited rule. Creedon v. Hempel, D.C. Neb., 7 F.R.D. 601; Mitchell v. Brown, D. C.Neb., 2 F.R.D. 325; United States v. Association of American Railroads, D.C. Neb., 4 F.R.D. 510; Bowles v. Ohse, D.C. Neb., 4 F.R.D. 403 [3]; Smedley v. Guy F. Atkinson Co., D.C.Neb., 12 F.R.D. 355. See also opinions of the writer hereof in First Trust & Savings Bank v. Fidelity-Philadelphia Trust Co., D.C.Pa., 12 F.R.D. 195 and Gas Consumers Association v. Philadelphia Gas Works Co., D.C.Pa., 12 F.R.D. 125. It is also fairly reflective of the attitude of the district courts of the United States generally, in support of which assertion attention is directed to the following cases, among many others to like effect. Gray v. Baltimore & O. R. Co., D.C.Ohio, 9 F.R.D. 25; Granger v. Shouse, D.C.Mo., 10 F.R.D. 439; Kellogg v. Great American Indemnity Co., D.C.La., 11 F.R.D. 168; Russ v. Baltimore & O. R. Co., D.C.Ohio, 11 F.R.D. 298; Moore v. Erie County Agricultural Society, D.C.N.Y., 12 F.R.D. 6; Rudolph Wurlitzer Co. v. Atol, D.C.Minn., 12 F.R.D. 173; Paramount Film Distributing Corp. v. Ram, D.C.S.C., 91 F.Supp. 778.

The defendants cite in support of their motions Klug v. Palmer, D.C.N.Y., 2 F.R.D. 273 and State of Md., to use of Carson, v. Acme Poultry Corp., D.C.Del., 5 F.R.D. 29. But a careful reading of both of those opinions discloses that in each of them there was a complete failure on the plaintiff's part to delimit the area in which negligence occurred, not merely an omission of the precise departure or departures from the required standard of care on which he replied in support of his charge of negligence.

And a further observation may be made. It is hardly possible that on a nationwide pattern exact uniformity may be found or expected in the administration of a rule which, like Rule 12(e), is manifestly flexible and invites the appraisal in its light by many judges of an infinite variety of pleadings.[4] What is highly desirable and ought to be measurably achievable is a reasonable consistency within an individual district, in the judicial construction and application of the rule. And any decision on this occasion other than the one now announced would be a notable departure from the familiar practice upon the question in the District of Nebraska.

It is freely recognized that before they proceed to trial the defendants will be entitled to the full and clear statement by the plaintiff of much, if not all, of the particulars which they have endeavored to secure by their motion. But this is not the time, nor their motion the method for its procurement. It and perhaps much more may appropriately be reached by seasonable and well considered resort to directly applicable features of the discovery procedure made broadly available under Rules 26 to 37, both inclusive. Or in its discretion the court upon its own motion may and undoubtedly will require such disclosure in the application to the action of Rule 16.

An order is being made and given in harmony with this announcement.

3. All of which opinions were written in application of Rule 12(e) in its earlier form, in which it may well have been regarded as more favorable to the defendants' position than it is in its current language. Many other rulings to like effect within the district might be cited from considered opinions both reported and unreported.

4. Nevertheless, a striking uniformity is discernible in the opinions of the district courts applying the rule.