C. A. KUENZELL and G. Elizabeth Kuenzell, Plaintiffs,

v.

UNITED STATES of America and Doe One to Doe One Hundred, Defendants.

Civ. 7293.

United States District Court N. D. California, N. D.

Jan. 3, 1957.

---

Clifford J. Krueger, San Francisco, Cal., and Todd & Todd, San Francisco, Cal., for plaintiff.

Lloyd H. Burke, U. S. Atty., and J. Harold Weise, Asst. U. S. Atty., San Francisco, Cal., for defendant.

HALBERT, District Judge.

This is an action against the United States of America to recover damages for the alleged wrongful entering upon plaintiffs' lands and the alleged wrongful tak-

ing of plaintiffs' timber. Jurisdiction has been conferred on this Court by Private Law 452, 84th Congress, 1st Session, Chapter 823, 69 U.S.Statutes at Large, A 154. Defendant has filed a motion for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A., and this motion has been submitted for decision at this time.

Preliminarily, certain general rules relating to the use of the motion for more definite statement should be set forth as a general guide.

■■■ The motion is made available to a defendant only where the plaintiff's complaint is so vague and ambiguous that the defendant cannot frame a responsive pleading, McBeath v. Pierce, D. C., 13 F.R.D. 143; 2 Moore's Federal Practice, § 12.18; 1 Barron & Holtzoff, Federal Practice and Procedure, § 362. The motion is not to be used as a substitute for the discovery and deposition procedure set forth in Chapter V of the Federal Rules of Civil Procedure; that is, it is improper to seek to utilize the motion for a more definite statement for the purpose of eliciting evidentiary facts, or for that matter, any facts beyond those which are necessary to enable the movant to frame a responsive pleading, Boerstler v. *American Medical Association*, D.C., 16 F.R.D. 437; Montgomery v. Kingsland, 83 U.S.App.D.C. 66, 166 F.2d 953. Whether or not the motion should be granted or denied depends primarily on the facts of each individual case, and it is ultimately within the Court's discretion to determine whether the information sought by the movant is necessary to enable him to prepare a responsive pleading, Boerstler v. American Medical Association, supra; United States v. Dittrich, D.C., 3 F.R.D. 475; Commander-Larabee Milling Co. v. Manufacturers & Traders Trust Co., D.C., 4 F.R.D. 296; Bowles v. Sebastopol Berry Growers Ass'n, D.C., 5 F.R.D. 178.

Next will be considered and determined the various specific points raised by defendant in its motion. These points will be disposed of below in the same sequence that they appear in defendant's motion.

## I

■■■ Defendant claims that paragraph III of plaintiffs' complaint is defective because it does not allege that plaintiffs had any interest in the timber alleged to have been wrongfully taken by defendant. Plaintiffs, however, do allege their ownership of the land on which the timber stood, and under the substantive law of real property, ownership of land carries with it ownership of the timber standing thereon, Peterson v. Gibbs, 147 Cal. 1, 81 P. 121. If defendant wishes to raise the issue of plaintiffs' lack of ownership in the timber, either an affirmative defense or the resort to a discovery procedure would be the proper method. It is the Court's opinion that plaintiffs' allegations of ownership are sufficient to enable defendant to frame a response, and under the law nothing more than this is required of the pleader. See: Morse v. Texas Co., D.C., 10 F.R.D. 23. On this point defendant's motion is denied.

## II

Plaintiffs allege that they were prevented "from recovering on the value of burnt timber which was still in a useable condition at the time that the said acts occurred" (Par. IV, lines 25–27), and defendant seeks by its motion an amendment to the complaint which would make it clear whether such burnt timber was part of the 16,500,000 feet of timber which plaintiffs allege, in another portion of the complaint (Par. IV, line 19), were taken by defendant. It appears that plaintiffs are (1) seeking damages for the value of the timber taken and (2) seeking a recovery in the nature of special damages for the loss of profits from their businesses as a result of defendant's conduct. The recovery for the

burnt timber is sought under the second category. The Court finds itself confused as to whether plaintiffs are seeking to recover twice for some of the same timber, or whether the loss of this burnt timber is a separate allegation of damage. Suffice it to say that plaintiffs should resolve this difficulty, and, furthermore, plaintiffs should state specifically the quantity of burnt timber (the value of which they were prevented from recovering), and what its value was. On this point defendant's motion will be granted as herein noted.

### III

■ Plaintiffs allege that 16,500,000 feet of timber were cut, logged and taken away by defendant (Par. IV, lines 17–19), but have alleged no dates on which such acts were supposed to have occurred. Defendant claims that Rule 9 (f) of the Federal Rules of Civil Procedure requires allegations of time and place; however, it is the opinion of the Court that Rule 9(f) does not have the effect of *requiring* allegations of time and place, but merely operates to make such allegations, *if made*, material for the purposes of testing the sufficiency of the pleading as against, for example, a motion to dismiss (See: 2 Moore's Federal Practice, § 9.07). Whether or not allegations of time and place are required to be made should be tested by the rules applicable to Rule 12(e) of the Federal Rules of Civil Procedure. To enable defendant to frame an adequate response, plaintiffs should be required to set forth a reasonable approximation of the date or dates on which the alleged wrongful acts took place. See: Boerstler v. American Medical Association, supra; and Bowles v. Sebastopol Berry Growers Ass'n, supra. On this point defendant's motion will be granted accordingly.

### IV

■ Defendant seeks information by its motion relating to the species of timber allegedly taken, apparently for the purpose of challenging, or at least testing, the measure of damages claimed by plaintiffs. The claim for damages for the taking of the timber is an allegation of general damages and as such can be denied generally by defendant, Schlenker v. Thorne Neale & Co., D.C., 9 F.R.D. 473. Hence it is obvious that such information is not necessary to enable defendant to frame a responsive pleading, and is more properly sought by the deposition and discovery process, Reese v. Pennsylvania R. R., D.C., 14 F.R.D. 153. On this point defendant's motion is denied.

### V

■ Defendant seeks information disclosing what agents, agencies, officials and representatives of the United States committed the various acts about which complaint is made. Such information would appear to the Court to be more within the knowledge of defendant than plaintiffs, and such being the case, it is not necessary for plaintiffs to allege it to enable defendant to prepare its response. See: Boerstler v. American Medical Association, supra. Any allegations in addition to what plaintiffs have already set forth regarding the fact that the acts were committed by the defendant (Par. IV, lines 13–14) could serve no useful purpose at this stage of the proceeding, for if such allegations are erroneous, they can be appropriately made the subject of a general denial of liability by defendant. Defendant's claim that it needs such information to assist it in preparing its defense is not a proper ground for a motion for more definite statement. The discovery procedure is designed for this purpose, Reese v. Pennsylvania R. R., supra. On this point defendant's motion is denied.

### VI.

■ In Par. IV (line 21) of the complaint, plaintiffs have alleged that defendant's conduct was fraudulent. Under Rule 9(b) of the Federal Rules of Civil Procedure, requiring that the facts

constituting the alleged fraud be definitely and positively alleged, general allegations of fraudulent conduct are insufficient, Suckow Borax Mines Consol. v. Borax Consolidated, 9 Cir., 185 F.2d 196; Independence Lead Mines Co. v. Kingsbury, 9 Cir., 175 F.2d 983. Hence, it is clear that if plaintiffs wish to allege fraud they are required to set forth the elements of that wrong with particularity, and their failure so to do renders the complaint subject to a motion for more definite statement. On this point defendant's motion will be granted.

## VII

At the end of Par. IV of plaintiffs' complaint, $500,000 in special damages are sought to cover the loss of profits alleged to have been suffered by plaintiffs from certain businesses. Defendant has attacked this lump sum allegation of damage on the ground that it does not meet the requirement of specificity provided for in Rule 9(g) of the Federal Rules of Civil Procedure, ("When items of special damage are claimed, they shall be specifically stated."). More particularly, defendant seeks an amendment to the complaint which would disclose what established businesses and concessions plaintiffs were operating, where they were located, how the acts of the United States prevented plaintiffs from such profits, and what amount of profits were prevented from each of the several businesses involved.

Where special damages are alleged, they should be set forth in an itemized form rather than as a lump sum, Henry Pratt Co. v. Stoody Co., D.C., 16 F.R.D. 175. Itemization, however, it not required beyond the point where it becomes evidentiary rather than allegational. Plaintiffs should amend their complaint to show the amount of damage suffered by each of its several businesses.

There appears to be a split of authority over whether the pleader should be required to allege the causes and circumstances giving rise to the claim of special damages. See: Burlington Transp. Co. v. Josephson, 8 Cir., 153 F.2d 372, holding such allegations indispensable; and Henry Pratt Co. v. Stoody Co., supra, holding that such information not properly subject to a motion for more definite statement. A general allegation of causation would seem to be sufficient to withstand a motion for a more definite statement, with the discovery procedure available to the party seeking more specific information. Accordingly, plaintiffs will not be required by this order to make any allegations in addition to what they have already made on the subject of causation.

On this point defendant's motion will be granted insofar as plaintiffs are required to set forth in an amended complaint what established businesses and concessions they were operating and the amount of profits lost from each. Insofar as the matter of where such businesses were located, and the circumstances giving rise to the loss of profits are concerned the defendant's motion will be denied, since these are facts which are properly the subject of discovery procedure and not the subject of a motion for a more definite statement.

Let an order be entered on defendant's motion for a more definite statement in accordance with the conclusions hereinabove reached on each of the various points there set forth. Plaintiffs may have fifteen days after the entry of this order within which to file an amended complaint, which shall conform to this order. The defendant will be allowed the usual time after service of the amended complaint by plaintiffs within which to answer or otherwise plead to said amended complaint.