## RENSHAW v. RENSHAW.

### No. 8972.

United States Court of Appeals
District of Columbia.

Argued Jan. 14, 1946.

Decided Feb. 18, 1946.

Before EDGERTON, WILBUR K. MILLER and PRETTYMAN, Associate Justices.

PRETTYMAN, Associate Justice.

Appellant brought an action in the District Court against her divorced husband. The complaint was in six counts. The first was for money alleged to be due her under certain written agreements with the defendant. Count II was for expenses incurred in supplying food, shelter and clothing for the children of plaintiff and defendant. Count III was for expenses incident to a surgical operation performed upon one of the children. Count IV was for expenses incurred at the school attended by the children. Count V, in which plaintiff sued as ancillary guardian of the estates of the children, was to require defendant to pay for the support, maintenance and education of the children and to defray the expenses for further surgical operations for the one child. Count VI was for the delivery to plaintiff, as ancillary guardian of the estates of the minors, of certain personal property and monies alleged to belong to them.

Defendant moved to strike parts of the complaint on the ground that they were redundant, immaterial and scandalous, to dismiss Counts II, III and IV on the ground that they did not state a claim upon which relief could be granted, and to strike the entire complaint because its averments were not simple, concise and direct as required by Rule 8(e) (1) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The District Court granted the motion,[1] without prejudice.

The complaint itself was fourteen printed pages, of the size and style customary in printing joint appendices to briefs.

[1] The motion was entitled "Defendant's Motions to Strike; Motions to Dismiss; and for better Bill of Particulars." In the text, the motions were "to strike" in part and "to dismiss" in part. The judgment of the court was to grant the "motion to dismiss" the complaint. We think the difference in words was immaterial.

in this court, and the seven exhibits attached thereto were another seventeen printed pages. The dismissal, without prejudice, of a complaint upon the basis of Rule 8(e) (1) is largely within the discretion of the trial court. We will not disturb its action unless we find clear error. We find none here.

Appellant argues that the court below granted the motion upon the ground that the plaintiff could not combine in one complaint claims for money due her personally and claims for money due her as ancillary guardian of the estates of the children. The record before us does not so show. The motion of the defendant was as we have stated it, and the action of the court, so far as the record shows, was to grant the motion without comment.

Affirmed.