## POTTER v. UNITED STATES.

No. 44C-1595.

District Court, N. D. Illinois, E. D.

Oct. 2, 1946.

Pope & Ballard, of Chicago, Ill., for plaintiff.

J. Albert Woll, U. S. Atty., of Chicago, Ill., for defendant.

SHAW, District Judge.

This cause coming on for trial evidence having been introduced and the Court having considered the arguments of counsel and being fully advised in the premises, makes the following findings of fact and conclusions of law:

### Findings of Fact.

1. Plaintiff is a resident of the Town of Deerfield, Lake County, State of Illinois.

2. In the year 1940 petitioner contributed cash in the amount of $1,929.35 to the I Am Reading Room of Chicago, an Illinois corporation.

3. On March 14, 1941, the petitioner filed with the Collector of Internal Revenue at Chicago, Illinois, an income tax return which showed such contribution as a deduction under Section 23(o) of the Revenue Act of 1938, 26 U.S.C.A.Int.Rev. Code, § 23(o), in computing his income tax for said year.

4. Upon the audit of said return, the Commissioner of Internal Revenue disallowed said contribution as a deduction under Section 23(o) of the Revenue Act of 1938, and assessed on account of said disallowance of deduction, an additional income tax in the amount of $294.16 and interest thereon in the amount of $9.02.

5. Said amounts of $294.16 and interest thereon of $9.02, aggregating $303.18, were paid to the Collector of Internal Revenue at Chicago, Illinois, on September 29, 1941, and have not been refunded.

6. On March 14, 1944, the petitioner filed with the Collector of Internal Revenue at Chicago, Illinois, a claim for refund of the said tax and interest in the amount of $303.18. The Commissioner of Internal Revenue has neither denied nor allowed said claim for refund, and more than six months elapsed between the filing of said claim for refund and the commencement of this suit.

7. The Commissioner of Internal Revenue disallowed said deduction stating that the I Am Reading Room of Chicago was not a corporation of the kind specified by Section 23(o) of the Revenue Act.

8. The I Am Reading Room of Chicago is a corporation organized under the act of the General Assembly of the State of Illinois entitled, "An Act Concerning Corporations", approved April 18, 1872, and said corporation exists under and is subject to the provisions of an Act of the General Assembly of the State of Illinois entitled, "General Not-for-Profit Corporation Act", and is subject to the provisions of said Act. Smith-Hurd Stats. Ill. c. 32, § 163a et seq.

9. Said Corporation was incorporated to provide for the education of individuals by the Ascended Masters' Instruction of the "Mighty I Am Presence"; to establish and maintain one or more reading rooms and/or sanctuaries for class and study activities concerning this Ascended Masters' Instruction and Spiritual Culture in the Chicago metropolitan area; to purchase and sell, or otherwise distribute books, magazines, art work, music, motion pictures, recordings and other literature or material intended and designed to convey this Ascended Masters' Instruction in Chicago and environs; to establish and maintain schools in the Chicago area, founded upon this Ascended Masters' Instruction to educate the youth of this area or elsewhere; to disseminate, through the use of radio or other means, this Ascended Masters' Instruction in Chicago and environs; to foster love for the protection of, and loyalty to the ideals and principles of the Declaration of Independence, the Constitution of the

United States of America, and all institutions of the Government which guarantee and give divine justice to the American people; and to educate and help people in this vicinity to render obedience to the highest laws of life and make them better citizens and true Americans.

10. The Corporation maintains reading rooms and sanctuaries in the City of Chicago which are open each day to the public for the use of persons who desire to study the religious teachings and instructions which the Corporation was organized to foster and propagate, and to provide a place for the practice and demonstration of the ritualistic exercises and ceremonies of that group.

11. The Corporation also maintains a school for the education of children from the kindergarten through the fifth grade. The curriculum is designed to meet or exceed the scholastic standards of the Leland Stanford University tests. In addition to such secular education, instruction is given to the pupils in the spiritual beliefs and teachings of the group in the manner of parochial schools.

12. No charges of any kind are made for the use of the Corporation's facilities. They are free to the public.

13. The financial receipts of the Corporation are derived from the free-will offering and contributions of the members of the group, and from the sales of literature, books, pamphlets and pictures relating to the doctrines and beliefs of the group. The receipts are used to cover the expenditures for rent, reading room supplies, operating expenses, delegate expenses, legal expenses and other expenses of the Corporation. No part of the receipts inure to the benefit of any private individual. Any excess of receipts over expenditures for any year are expended in expanding the facilities which the Corporation affords to the members of the group.

14. The Corporation has no stock, no shareholders and no dividends have ever been paid to any person.

15. The Corporation does not carry on propaganda or otherwise attempt to influence legislation.

16. The Corporation is organized and operated exclusively for religious, charitable and educational purposes.

Conclusions of Law.

1. The Court has jurisdiction of the parties and the subject matter.

2. The I Am Reading Room of Chicago is a corporation organized and operated exclusively for religious, charitable and educational purposes, and is a corporation, the contributions to which may be deducted in computing Federal income taxes pursuant to the provisions of Section 23(o) of the Internal Revenue Code.

3. The petitioner is entitled to recover the sum $303.18 as prayed for in the petition.

4. The petitioner is entitled to a judgment against the defendant in the sum of $303.18, together with interest on the said sum at the rate prescribed by law.