## FLORIDA SHIPBUILDING CORPORATION v. LANCASTER IRON WORKS, Inc.

### Civil Action No. 7015.

District Court, E. D. Pennsylvania.

July 22, 1947.

Thomas E. Comber, of Philadelphia, for plaintiff.

Ballard, Spahr, Andrews & Ingersoll, Robert S. Ingersoll, Jr., and R. Sturgis Ingersoll, all of Philadelphia, Pa., and Paul A. Mueller, of Lancaster, Pa., for defendant.

GANEY, District Judge.

This is a motion for a bill of particulars or in the alternative for a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

After stating that the defendant entered into a contract with the United States to construct thirty-three self-propelled steel tankers, the complaint averred in three counts that on or about August 25, 1945, the defendant delivered its purchase order to the plaintiff for the construction and purchase of five of those tankers, and that in addition to having performed all the conditions of the purchase order and contracts, the plaintiff, at the defendant's request and for its benefit, did the following: Prior to October 24, 1945, made changes in design, construction and equipment of the vessels, and (due to the failure of the defendant to perform its part of the agreement) to undergo delays in the completion, in trial runs, and prolonged maintenance of the vessels, and other similar necessities which required extra work reasonably worth over Two Hundred Thousand Dollars ($200,000); that prior to July 1, 1945, to purchase extra material reasonably worth One Hundred Thousand Dollars ($100,000); and that prior to January 1, 1946, to pay extra fees, railroad charges, expenses and damages in the amount of Twenty Five Thousand Dollars ($25,000). With the exception of Eighteen Thousand, Three Hundred Fifty Eight and 23/100 Dollars ($18,358.23) on account of material, the complaint alleged that no part of the aforementioned sums has been paid by the defendant.

The motion is directed at the failure of the complaint to specify with any definiteness or particularity the nature of, or the reason for the extras, the cost thereof, or the times at which they were incurred, or to set forth whether the alleged requests by the defendant were made orally or in writing, and if orally, which employee or employees of the defendant made them, and if in writing, a copy of the writing or writings.

At the outset we must agree that there are a number of decisions supporting the particular requests made in defendant's motion. On the other hand, the defendant must accede to the fact that there are a number of decisions which support the denial of its motion. We are in accord with the latter group of cases, because we believe that equal emphasis should be placed upon Rule 8 as upon Rule 12(e). The for-

mer rule contains the provisions that the complaint shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "Each averment of a pleading shall be simple, concise, and direct." The complaint in the instant case fully meets these requirements. But this fact is not of itself sufficient to deny defendant's motion; the averments in the complaint in addition must be sufficient to enable the defendant to prepare the required responsive pleading, and must adequately state the issues which the defendant must meet at the trial. In our opinion, the averments in the complaint also meet the latter requirements. The matters requested by defendant's motion concern themselves with evidentiary facts which may prove or tend to prove ultimate facts in the case. The additional information sought may be obtained under Rules 26 to 37 inclusive, pertaining to discovery by way of interrogatories and depositions. The recent trend to limit motions under 12(e) in favor of proceedings under the rules for discovery, we think, will obtain greater impetus when it is considered that the proposed amendments to the Rules have eliminated the outmoded bill of particulars.

Accordingly, the defendant's motion for a more definite statement or a bill of particulars is denied.