### KELLOGG v. GREAT AMERICAN IN-DEMNITY CO.

### Civ. No. 3168.

United States District Court
W. D. Louisiana, Shreveport Division.

March 6, 1951.

Whitfield Jack of Booth, Lockard & Jack, Shreveport, La., for plaintiff.

John R. Pleasant of Garrett & Pleasant, Shreveport, La., for defendant.

PORTERIE, District Judge.

Ruling on Motion for a More Definite Statement.

This is one of the run-of-the-mill cases where the plaintiff sues the insurer of the offending car in a highway accident. The date of filing is December 8, 1950; on January 9, 1951, the defendant files a motion for a more definite statement; on March 2nd, 1951, the date of our hearing, the plaintiff formally opposes such a motion, filing a sustaining brief.

Plaintiff seriously opposes the motion because the effect of allowing such motions is to interpose a serious and unwarranted delay in the prosecution of cases where complainants have a right to expect speedy justice and an early day in court.

We quote from plaintiff's brief: "For example: A complaint is filed and served in

the *1st week in November*. The term closes before twenty days have elapsed. Between the 4th week in November and the third week in February, defendant files a Motion for a More Definite Statement. It comes on for hearing after the trial calendar is made up for the February term. Regardless of the ruling on the Motion, and even if defendant promptly answers thereafter, *no trial can be had until the June term.* Thus, a Delay of Four Months has Resulted."[1]

Before its amendment, March 19, 1948, Rule 12 used the words "bill of particulars". Because of the consequent abuse of the Rule, the amendment deleted all reference to bills of particulars and we find the pertinent subsection reading today, as follows: "(e) Motion for More Definite Statement. If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required *to frame a responsive pleading,* he may move for a more definite statement before interposing his responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just." (Emphasis ours.)

Speaking of Rule 12(e), before the 1948 amendment, the court said in Walling v. American Steamship Co., D.C.N.Y. 1945, 4 F.R.D. 355, 358: "It has led to confusion, duplication and delay."

■ There exists an elaborate set of Discovery Rules, 26–37, the sole purpose of which is to aid in gaining knowledge of the opponent's *evidence*. Equally clear it is that the sole purpose of Rule 12(e) is to provide a method of clearing ambiguities in opposing pleadings so as to *intelligently* formulate a *responsive pleading.*

See, also, Florida Shipbuilding Corporation v. Lancaster Iron Works, D.C.Pa. 1947, 7 F.R.D. 483.

There were three requests made by the defendant in its motion; two have been withdrawn and the remaining one reads, as follows: "(1) Paragraph 6 of the complaint avers that the deceased, Richard H. Kellogg, was walking along U. S. Highway 71. Mover shows that complainant should allege which side of the highway the deceased was walking on and whether or not he was walking with traffic or against traffic at the time of the accident."

■ The only information that defendant is entitled to under Rule 12(e) is such as is essential, because of ambiguities in the complaint, to permit defendant to intelligently frame a responsive pleading. The information actually sought by defendant in this case is strictly evidential in nature and may be obtained only through the use of the discovery rules.

Each item of information sought by defendant could have been obtained by discovery under Rule 33, Interrogatories or Rules 26–30, Depositions without delaying the trial of the case. And it cannot be heard said that defendant could not prepare to *answer* without being informed of the *evidentiary* items called for in its motion for a more definite statement.

■ The motion should be denied and overruled and It Is So Ordered.[2]

---

1. It has been one of the persistent weaknesses of human society: (a) In Shakespeare's drama, Hamlet's soliloquy, " * * * the law's delay * * * " Act III, Scene 1; (b) In Rabelais' satire, Cinq Livres, Juge Bridoie (Judge Bridlegoose); (c) In the newsmagazine recently, "Red Tape Snarl in Our Courts", the New York Times Magazine, Jan. 28, 1951.

2. This motion was not filed for mere delay; we allow twenty (20) days hereof for the filing of an answer.

Many of our advocates in this District follow what we have just ruled; it is not uncommon for us to find, as we leaf a record, when passing on a motion to dismiss or even a motion for a summary judgment, an answer filed within twenty (20) days of the service of the petition.