Edward W. **BOERSTLER** and Richard W. Boerstler, copartners doing business under the firm name of Ultrad Laboratories, v. **AMERICAN MEDICAL ASSOCIATION** and General Electric Company.

No. 54 C 58.

United States District Court,
N. D. Illinois.
June 17, 1954.

James M. Malloy, Morton Myerson, Boston, Mass., Edward I. Rothschild, Chicago, Ill., for plaintiffs.

Edward M. Burke, Loesch, Scofield & Burke, Chicago, Ill., for defendant American Medical Assn.

Sidley, Austin, Burgess & Smith, Chicago, Ill., for defendant General Electric Co.

HOFFMAN, District Judge.

This is an action for treble damages and injunctive relief. Count I alleges a conspiracy, in violation of the antitrust laws, to promote sales of General Electric's therapeutic lamps and to hinder the sales of plaintiffs' lamps. In substance, the plaintiffs charge a conspiracy between the American Medical Association and General Electric Company to foster the sale of the therapeutic lamps manufactured by General Electric Company by the approval of the lamps by the Council of the American Medical Association, and to discourage the sale of the plaintiffs' lamps by refusing such approval, and the dissemination of untrue statements concerning them, all of which acts are alleged to have occurred, and to have been occurring, since 1926, when the plaintiffs secured patents.

Count II alleges a common law business tort arising from the acts alleged in Count I.

Both defendants have moved: (1) to strike or dismiss the complaint in its entirety; or in the alternative (2) to strike certain entire paragraphs or portions thereof; and (3) to compel plaintiffs to make a more definite statement in certain paragraphs.

AMA has moved to strike Counts I and II for failure to state a claim on which relief can be granted.

Although the parties have not raised the issue in their briefs and arguments, it may be noted at the outset that a motion to strike which attacks the sufficiency of the complaint may be treated as a motion to dismiss. Shanesy v. Ford Motor Co., D.C.N.D.Ill.1946, 7 F.R.D. 199; Potter v. United States, D.C.N.D.Ill.1946, 79 F.Supp. 297. AMA

advances four grounds in support of its motion:

(1) It asserts that the plaintiffs have alleged conclusions of fact and/or law which are insufficient to constitute a claim on which relief can be granted. Plaintiffs contend that they have properly alleged ultimate facts but that conclusions are to be considered in determining whether the plaintiffs have stated a cause of action.

■ The motion will be denied on this ground. Prior to 1954 there was a division of authority on the question of whether a pleader could properly allege conclusions as opposed to ultimate facts. Many cases supported the defendant's contention that a conclusory allegation is insufficient. In *Nelson Radio & Supply Co. v. Motorola, Inc.*, 5 Cir., 1952, 200 F.2d 911, 913–914, it was stated that:

"* * * in pleading a conspiracy * * * a general allegation of conspiracy, without a statement of the facts constituting the conspiracy to restrain trade, its object and accomplishment, is but an allegation of a legal conclusion, which is insufficient to constitute a cause of action."

Professor Moore has asserted approvingly that the weight of authority permits conclusory allegations, 2 Moore, Federal Practice, 1650 (2d Ed. 1948), but he omits to cite many of the cases relied on by the defendant. However, in *United States v. Employing Plasterers Ass'n*, 1954, 347 U.S. 186, 74 S.Ct. 452, 454, the problem seems to have been resolved in favor of the allowance of conclusory allegations. The court said:

"The complaint plainly charged several times that the effect of all these local restraints was to restrain interstate commerce. Whether these charges be called 'allegations of fact' or 'mere conclusions of the pleader', we hold that they must be taken into account in deciding whether the Government is entitled to have its case tried * *.

"* * * And where a bona fide complaint is filed that charges every element necessary to recover, summary dismissal of a civil case for failure to set out evidential facts can seldom be justified. If a party needs more facts, it has a right to call for them under Rule 12(e) * * *."

Thus, a pleader in these circumstances may properly make conclusory allegations.

But even assuming the validity of the defendant's contention, its position is still not well taken because the plaintiffs have alleged facts rather than conclusions. It is true that paragraph 18 of the complaint asserts the existence of a conspiracy in conclusory terms. However, paragraph 19 alleges the acts comprising the conspiracy, and paragraph 20 alleges the acts which effectuated the conspiracy.

(2) AMA asserts that the plaintiffs have failed to allege injury to the public and that such allegation is essential in stating a claim on which relief can be granted. The plaintiffs contend that paragraph 18, if closely read, contains an allegation of public injury; that in any event, a specific allegation is unnecessary if the facts alleged show public injury; and that the facts as alleged show public injury.

■ The motion of the defendant should be denied on this ground. The defendant correctly contends that the complaint must allege public injury. In *Wilder Mfg. Co. v. Corn Products Refining Co.*, 1914, 236 U.S. 165, 174, 35 S.Ct. 398, 401, 59 L.Ed. 520, the court said:

"* * * the prohibitions of the (anti-trust laws) were enacted to prevent not the mere injury to an individual which would arise from the doing of the prohibited acts, but the harm to the general public which would be occasioned by the evils which it was contemplated would be prevented, and hence not only the

prohibitions of the statute, but the remedies which it provided, were co-extensive with such conceptions. * * *"

This statement has been relied upon in subsequent cases for the proposition that a proper complaint must show a violation of public rights. Glenn Coal Co. v. Dickinson Fuel Co., 4 Cir., 1934, 72 F.2d 885; Shotkin v. General Electric Co., 10 Cir., 1948, 171 F.2d 236; and Emich Motors Corp. v. General Motors Corp., 7 Cir., 1950, 181 F.2d 70, reversed on other grounds, 1951, 340 U.S. 558, 71 S.Ct. 408, 95 L.Ed. 534.

The Shotkin case, supra, 171 F.2d at page 239, enumerated those acts which may injure the public:

"* * * The complaint did not allege that the defendants combined and conspired to refrain from competing with each other * * *. It did not allege that the defendants conspired to raise prices. It did not charge that they combined to divide trade territory. It failed to allege that they conspired to apportion customers. *It did not aver that they agreed to furnish the public commodities of inferior quality.* * * * In other words, the complaint failed to allege *facts* from which it could be determined as a matter of law that a combination or conspiracy was entered into which brought about * * * *a deterioration in the quality of the merchandise available in the channels of commerce,* or any other like evil consequence * * *." (Emphasis added.)

■ However, it is not necessary expressly to allege public injury, if the asserted facts show such injury. Rule 8(f), Fed.Rules Civ.Proc. 28 U.S.C.A. requires that pleadings be construed to effect substantial justice; and, treating the motion to strike as a motion to dismiss, the complaint must be construed in a light most favorable to plaintiffs. Asher v. Ruppa. 7 Cir., 1949, 173 F.2d

10. So construed, the complaint avers facts which show an injury to the public. The plaintiffs assert that AMA has approved the GE lamp; that AMA has denied approval to the plaintiffs' lamp; that approval is a necessary precedent to sale and distribution; that the GE lamp is inferior to the plaintiffs' lamp. Thus, the public is misled into buying an inferior lamp. This would seem to constitute a public injury within the meaning of the Shotkin case, supra.

■ (3) AMA asserts that the plaintiffs have failed to allege how they have been damaged by the defendant. It has been held that an allegation of injury suffered by a plaintiff differing from that sustained by it as a member of the community is necessary to a proper complaint. Beegle v. Thomson, 7 Cir., 1943, 138 F.2d 875, 881. However, in view of the fact that the plaintiffs have devoted a substantial portion of their complaint to asserting that they are unable to distribute their lamp, the defendant's objection is frivolous and merits no further discussion. The motion, therefore, will be denied.

■ (4) AMA asserts that the act of refusing to approve the plaintiffs' lamp does not constitute a conspiracy in violation of the Clayton and Sherman Acts, 15 U.S.C.A. §§ 1–7, 12 et seq. The plaintiffs have failed to make a specific answer to this assertion.

The motion will be denied. The defendant relied primarily on United States v. Colgate & Company, 1919, 250 U.S. 300, 39 S.Ct. 465, 63 L.Ed. 992. There the defendant manufacturer was charged with refusing to sell to wholesalers and retailers who would not resell at prescribed prices. The court was faced with the problem of construing the indictment. If the indictment alleged that the wholesalers and retailers were *obligated* to resell for the prescribed prices, the indictment was sufficient to charge a violation of Section 1 of the Sherman Act. Dr. Miles Medical Co. v. John D. Park & Sons Co., 1911, 220 U.S. 373, 31 S.Ct.

376, 55 L.Ed. 502. But the court construed the indictment to charge that the wholesalers and retailers were not so obligated, and were free to sell at their own prices. The court held that, under the circumstances, the refusal to supply was not a violation of the Sherman Act, stating at page 307 of 250 U.S., at page 468 of 39 S.Ct:

> "In the absence of any purpose to create or maintain a monopoly, the Act does not restrict the long recognized right of a trader or manufacturer engaged in an entirely private business, freely to exercise his own independent discretion as to parties with whom he will deal."

Language to the same effect was reiterated in Nelson Radio & Supply Co. v. Motorola, Inc., supra; and the foregoing quotation was cited with approval in Lorain Journal Co. v. United States, 1951, 342 U.S. 143, 72 S.Ct. 181, 96 L.Ed. 162, although the court found that a monopoly did exist in violation of Section 2 of the Sherman Act.

However, the above cases are distinguishable. In both Colgate and Nelson, the defendant refused to sell *his own* goods to the plaintiff. In the case at bar the defendants are alleged to have inhibited the plaintiffs from selling the *plaintiffs' own* goods. Thus, this case does not involve the right of a manufacturer to choose his customers. Rather it approximates in result the boycott or blacklist which has been held to violate the Sherman and Clayton Acts. See Fashion Originators' Guild of America v. Federal Trade Comm., 1941, 312 U.S. 457, 61 S.Ct. 703, 85 L.Ed. 949.

The defendant General Electric Company has moved to strike the entire complaint as grossly violative of Rule 8(a) (2) and (e) (1) requiring a "short and plain statement of the claim * * *" and that "each averment of a pleading * * * be simple, concise and direct."

The complaint contains two counts. The first is 10½ pages long and charges a violation of the Sherman Act; the second, 2½ pages long, alleges a common law business tort. In attacking the complaint GE places emphasis on a report entitled "Procedure in Anti-Trust and Other Protracted Cases", adopted by the Judicial Conference of the United States. 1953, 13 F.R.D. 62 et seq. In brief, the report stresses the necessity and desirability of defining the issues in protracted cases from the time the complaint is filed. GE characterizes the complaint as prolix, redundant and frought with immaterial allegations to such an extent that the issues cannot be clearly defined. Portions of the complaint dealing with scientific background and descriptions of plaintiffs' and defendants' lamps are particularly assailed. The plaintiffs contend that the proper length of a complaint must be equated with the cause of action therein contained; that an anti-trust case necessitates a complaint longer than in other cases; and that a 13-page anti-trust complaint is not overly long. GE replies that the above-mentioned report calls for a stricter adherence to Rule 8 in anti-trust cases than has heretofore been observed.

The motion will be denied. The striking of a pleading as violative of Rule 8 is within the sound discretion of the court and its decision will not be reversed except for clear error. Renshaw v. Renshaw, 1946, 80 U.S.App. D.C. 390, 153 F.2d 310, 311. As a general rule motions to strike are not favored, probably because of their dilatory nature. Brown & Williamson Tobacco Corp. v. United States, 6 Cir., 1953, 201 F.2d 819; Whalen v. Phoenix Indemnity Co., D.C.W.D.La.1953, 15 F.R.D. 42. It has been stated that a motion to strike will be denied where the movant is not prejudiced by its denial, although the pleading is prolix and contains evidential or immaterial matter. United States v. Johns-Manville Corp., D.C.N.D.Ill. 1941, 1 F.R.D. 548; Sunbeam Corp. v. Payless Drug Stores, D.C.N.D.Cal.1953, 113 F.Supp. 31, 45.

However, courts have stricken entire pleadings where there was a gross violation of Rule 8. Metropolitan Theatre Co. v. Warner Bros., D.C.S.D.N.Y.1953, 12 F.R.D. 516 (anti-trust complaint comprised a 55-page booklet); Picking v. Pennsylvania Railroad Co., D.C.N.D. Pa.1944, 3 F.R.D. 425 (action for conspiracy to deprive plaintiff of his liberty; complaint, 154 paragraphs); Buckley v. Altheimer, D.C.N.D.Ill.1942, 2 F.R.D. 285 (action for fraud; complaint 260 pages long); Chambers v. Cameron, D.C.N.D.Ill.1939, 29 F.Supp. 742 (counterclaim 31 pages long); Renshaw v. Renshaw, supra (14 page complaint in an action for money due under a written agreement). On the other hand, a 34 page anti-trust complaint was sustained where the court found that it contained no impertinent or scandalous material. Sunbeam Corp. v. Payless Drug Stores, supra, 113 F.Supp. at page 45. In the Sunbeam case the court recognized that an anti-trust complaint will necessarily be longer than other complaints.

■ These cases, together with the report on protracted litigation, afford no rule of thumb but do emphasize the following relevant considerations: (1) the necessity of judicial control of the issues from the time the complaint is filed; (2) the necessity for avoiding dilatory motions, where denial will not prejudice the movant; (3) the length of the complaint as related to the nature of the action; and (4) the extent to which the complaint is verbose and contains unnecessary material. Viewed in the light of these considerations, the complaint is sufficient to withstand the motion to strike. Although it could be written in a more terse style, it is not unreasonably verbose. It comprises but 13 pages and is considerably shorter than most of the complaints which have been held to violate Rule 8. The inclusion of scientific material and descriptions of the lamps serves a twofold purpose: (1) it provides a summary background which will aid the court in understanding allegations relating to the therapeutic lamps, which must be considered in framing the issues; (2) it provides facts for which public injury may be inferred. Use of background material in pleading an anti-trust case has been sanctioned by this court. De-Luxe Theatre Corp. v. Balaban & Katz Corp., D.C.N.D.Ill.1950, 88 F.Supp. 311, 314; accord, Tivoli Realty, Inc. v. Paramount Pictures, Inc., D.C.D.Del.1948, 80 F.Supp. 800, 806; Sinaiko Bros. Coal & Oil Co. v. Ethyl Gasoline Corp., D.C. S.D.N.Y.1942, 2 F.R.D. 305, 306. The complaint cannot be said to be in gross violation of Rule 8.

GE has also moved to strike certain paragraphs or portions thereof as violative of Rules 8 and 12(f).

Both defendants move for a more definite statement under Rule 12(e). AMA adopts all GE's motions and raises additional points.

■ Rule 12(f) provides in part that "* * * the court may order stricken from any pleading * * * any redundant, immaterial, impertinent, or scandalous matter." In general, the rules relating to motions to strike, as previously discussed, apply here. A motion to strike is not favored; it is usually denied where the movant can show no prejudice arising from denial, although GE asserts that the rule is now otherwise in view of the report adopted by the Judicial Conference. If part of a pleading is assailed as "immaterial" or "impertinent" the motion will be denied if the court entertains any doubt whether the allegation raises an issue. United States v. Bize, D.C.D.Neb.1949, 86 F. Supp. 939, 945; and see 2 Moore, Federal Practice 2318 (2d ed. 1948), and cases contained therein.

■ Rule 12(e) provides in part that "if a pleading * * * is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement". The motion is addressed to the discretion of the court; Cather v. Ocean Accident & Guaranty

Corp., D.C.D.Neb.1950, 10 F.R.D. 437, 439, and the courts have generally adhered to the letter of Rule 12(e). Tobin v. Chamber Construction Co., D.C.D. Neb.1952, 15 F.R.D. 47; Wurlitzer Co. v. Atol, D.C.D.Minn.1952, 12 F.R.D. 173, 174; Kellogg v. Great American Indemnity Co., D.C.W.D.La.1951, 11 F.R.D. 168, 169. In the Tobin case it was said, 15 F.R.D. at pages 49–50:

> "* * * it need be observed only that the complaint, at the points aimed at, is not 'so vague or ambiguous that' * * * the several moving parties 'can not reasonably be required to frame a responsive pleading' to it. And unless vagueness or ambiguity in such degree and of such character exists, motions for more definite statement may not properly be allowed, and, in fact, are not provided for in the rules. * * *"

It is well settled that Rule 12(e) is not a substitute for deposition and discovery proceedings. Information of a strictly evidential nature may be obtained only through the latter methods. Tobin v. Chambers Construction Co., supra; Wurlitzer Co. v. Atol, supra. Further, the motion has been denied where the movant had personal knowledge of the matters complained of, Thompson-Starret v. Chicago Housing Authority, D.C. N.D.Ill.1942, 3 F.R.D. 68, although Professor Moore asserts that the rule should be otherwise. 2 Moore, supra, at 2305.

In the light of the above enunciated principles each contested paragraph or portion thereof will now be discussed.

■ As to the entire complaint, AMA seeks the plaintiffs' contentions as to the minimum energy requirements of wave lengths for practical therapeutic use. This motion will be denied as AMA desires argument rather than information necessary to frame a responsive pleading.

■ Paragraph 5 asserts that unnamed GE subsidiaries formerly owned by it but now dissolved or merged with it have engaged in the conspiracy in part. Further, the term "GE", as used in the complaint, embraces both parent and subsidiary. GE seeks the names of the subsidiaries, and the plaintiffs contend that the matter is within the knowledge of the movant. This motion will be granted. Since the parent may be liable for the torts of a subsidiary and since the parent GE may have numerous subsidiaries, GE is entitled to know the specific subsidiaries alleged to have engaged in the conspiracy. GE seeks the years in which the subsidiaries engaged in the conspiracy, claiming that this information is necessary to a possible defense based on the statute of limitations. The plaintiffs argue that paragraph 18 charges a conspiracy from 1926 to date and such information is sufficient. This motion will be granted. The statute of limitations must be pleaded as an affirmative defense, Rule 8(c), and is waived if not pleaded. Rule 12(h). As the subsidiaries have obviously engaged in numerous activities over a period of years, GE is entitled to know the specific activities relied on by the plaintiffs.

■ Paragraph 6 states that various unnamed individuals, including officers of the defendants, have participated in the conspiracy. GE seeks the names of those persons other than officers, and the years of participation. This motion will be granted. Since a conspirator may be liable for the acts of co-conspirators, GE is entitled to know the names of co-conspirators and years of participation.

■ Paragraph 7 contains scientific background information about the rays of the sun and the harmful effect of shortwave ultraviolet rays. GE moves to strike the paragraph as violative of Rule 8 and as redundant and immaterial under Rule 12(f). This motion will be denied. Paragraphs 7, 8 and 9 furnish scientific background material which will assist the court in understanding the complaint. Further, these paragraphs contain facts tending to show injury to

the public, an essential ingredient of a proper complaint. The paragraph is not unreasonably verbose. AMA moves for a more definite statement of numerous matters contained in paragraph 7, thereby adopting a completely different approach from its co-defendant. This motion will be denied. AMA can hardly be so devoid of scientific knowledge as not to understand the import of paragraph 7. Further, the motion calls for such minutiae that Rule 8 would be violated if the motion were granted.

Paragraph 8 states that beneficial results flow from long range ultraviolet and short range infra-red rays. GE moves to strike the paragraph as violative of Rules 8 and 12(f). The motion will be denied for the same reason that the motion directed at paragraph 7 will be denied.

Paragraph 9 states that scientists have sought to develop lamps to duplicate the beneficial effects of the sun's rays. GE moves to strike the paragraph as violative of Rules 8 and 12(f). The motion will be denied. Alternatively, GE moves to strike the first two sentences of paragraph 9. The motion will be denied because the two sentences comprise the gist of the paragraph.

Paragraph 10 describes two GE lamps, noting that they emit substantially a greater percentage of shortwave ultraviolet rays than does the sun. GE moves to strike all but the first and last sentences of the paragraph as violative of Rule 8 and as irrelevant. The motion will be denied. These sentences contain the substance of the paragraph, are not unreasonably verbose, and are relevant to the allegations that the defendants have conspired to promote an unworthy lamp and to inhibit distribution of a worthy one. AMA moves for a more definite statement of the term "spectral rays". The motion will be denied. If such information is vital to AMA it may elicit it by interrogatories.

Paragraph 11 states that GE has promoted its sales by claiming that general therapeutic benefits flow from particular ultraviolet rays. The plaintiffs characterize the claim as invalid. GE moves to strike paragraph 11 as failing to state any claim against it, and consequently as redundant, immaterial and scandalous. This motion will be denied as the allegation is relevant to the issues of conspiracy and public injury. AMA calls for a more definite statement about the alleged invalidity of the claim. The motion will be denied because AMA seeks argument rather than information necessary to frame a responsive pleading. Further, paragraph 7 when read with paragraph 11 indicates the basis of the assertion of invalidity.

Paragraph 13 states that AMA has approved GE lamps for professional and home use; that the approval was based on invalid claims; that AMA has approved advertisements containing these claims; and that GE has accordingly increased its sales. GE moves to strike the entire paragraph as immaterial, redundant and scandalous. The motion will be denied as the allegations may be relevant on the issues of conspiracy and public injury. GE's alternative motion to strike the sentence relating to approval of advertisements will similarly be denied.

Paragraph 14 states that one of the plaintiffs developed, patented and attempted to market a therapeutic lamp, which is now owned by Ultrad Laboratories. GE seeks to know the number of patents, the dates of issuance and patent numbers, whether any of the patents are presently effective, the years in which the partnership was formed, the years in which the plaintiffs attempted to market the lamp and the meaning of certain terms. AMA seeks the meaning of "superheated tungsten filament lamp", and seeks to know the therapeutic factors which control the design of the lamp. Both motions will be denied as the in-

formation desired is not necessary to frame a responsive pleading.

██ ██ Paragraph 15 describes the plaintiffs' lamp and notes the beneficial effects thereof. GE moves to strike the entire paragraph as violative of Rules 8 and 12(f). The motion will be denied. The paragraph is not unreasonably verbose and is relevant to the issues of conspiracy and public injury. GE's alternative motion to strike certain descriptive sentences will similarly be denied. AMA moves for a more detailed description of plaintiffs' lamp. The motion will be denied as the information is not necessary to frame a responsive pleading, and may be obtained through interrogatories.

██ Paragraph 16 further describes the plaintiffs' lamp, stating the usable life of the bulbs and small replacement cost. GE moves to strike the entire paragraph or, alternatively, all but the first sentence as violative of Rules 8 and 12(f). Both motions will be denied. The allegations are not verbose, and may be relevant to the issues of conspiracy, public injury and damages.

██ Paragraph 17 states that the plaintiffs applied for AMA approval; that approval was denied; that sales have accordingly been very limited although those who have purchased the lamps have used them effectively and with beneficial results. GE moves to strike a sentence stating that the lamp has been used effectively in treating a number of diseases which are enumerated therein. The sentence is assailed as redundant, immaterial and evidentiary. The motion will be denied because the sentence is not redundant and is material to the issues of conspiracy and public injury. While the sentence is perhaps evidentiary, its inclusion will in no way prejudice GE. GE seeks a more definite statement as to the assertion that plaintiffs' lamp was denied approval "for all practical purposes". Further GE seeks to know when the applications were made, by whom, and whether oral or written. The motion will be denied. The quoted phrase has sufficiently definite meaning to be capable of answer. The details relating to the application are not necessary to framing an answer and may be elicited by interrogatories.

██ Paragraph 18 charges that the defendants and their unnamed co-conspirators have violated the Sherman Act. GE seeks the names of the co-conspirators. The motion will be granted. Similar motions addressed to paragraphs 19 and 20 will also be granted. In addition, GE motions also addressed to paragraphs 19 and 20 of Count I and paragraphs 4 and 5 of Count II, seeking the dates of the alleged acts of conspiracy, will be granted.

██ Subparagraphs 19(a) of Count I and 4(a) of Count II allege that AMA disapproval actually determined what therapeutic lamps are sold in interstate commerce in derogation of the powers exercised by federal administrative agencies. GE moves to strike these paragraphs as immaterial. The motion will be denied because the allegation is material to the charge of conspiracy and the effects thereof. GE alternatively moves for a more definite statement as to how defendants' acts contravene agency powers. This motion will be denied as it calls for the plaintiffs' interpretation of the powers conferred on federal agencies, rather than for information necessary to framing a responsive pleading.

██ Subparagraphs 19(d) and 20(c) of Count I and 4(d) and 5(c) of Count II allege that the defendants have made false and misleading reports about the plaintiffs' lamp. GE seeks to know when the reports were made, in what form they were made, whether they were oral or written and to whom they were circulated. The motion will be denied. The plaintiffs have already been directed to state the dates of the alleged acts. The remainder of the motion seeks matter which is purely evidentiary and not necessary to framing a responsive pleading.

■ Subparagraphs 20(a) of Count I and 5(a) of Count II allege that the conspiracy has been effected in part by the defendants' causing prospective purchasers to buy approved lamps only, without regard to the merits of disapproved lamps. GE moves to strike, claiming that the allegations fail to state any claim against the defendants and are immaterial. The motion will be denied because the allegations are material to the charge of conspiracy and the intent thereof.

■ Subparagraphs 20(b) of Count I and 5(b) of Count II charge that the conspiracy has been effected in part by the defendants' causing AMA invalidly to adopt the properties of the GE lamp as a standard of acceptance. GE moves to strike as immaterial and redundant to subparagraphs 19(b) and 4(b), which allege that GE has dominated the AMA council which approves therapeutic lamps and has imposed upon it standards of acceptance. The motion will be denied. Subparagraphs 20(b) and 5(b) supplement 19(b) and 4(b) by defining the standards, and the allegations are material to the charge of conspiracy.

■ Subparagraphs 20(e) of Count I and 5(e) of Count II allege that the conspiracy has been effected in part by the defendants' causing AMA to approve false and misleading advertising by GE. GE moves to strike as immaterial. The motion will be denied because the allegations are material to the charge of conspiracy. Alternatively, GE seeks to learn what false and misleading advertising was submitted for AMA approval, when and where submitted, the form of approval, and whether oral or written. The motion will be denied because it seeks to elicit evidentiary material which is not necessary to framing a responsive pleading.

■ Paragraphs 21 of Count I and 6 of Count II allege a loss to plaintiffs arising from (1) their inability to recover costs of production and (2) their inability to make profits. GE seeks to know what sums were expended and the years in which they were expended. The motion will be denied. In National Nut Co. of California v. Kelling Nut Co., D.C.N.D.Ill.1945, 61 F.Supp. 76, 83, it was said:

"* * * The question of damage can best be determined by interrogatories, by depositions or at the hearing of this cause."

A similar motion, directed at the prayers for relief in both Counts, will also be denied.

Counsel for the parties are directed to prepare a draft order reflecting the views of the court, as contained in this memorandum, within five (5) days from the date hereof. The order will provide, among other things, the time within which the defendants are to file an answer to the complaint.