**In re Andrew B. DOPPELT, Debtor.**

**CONTINENTAL ILLINOIS NATIONAL BANK AND TRUST COMPANY OF CHICAGO, Plaintiff,**

v.

**Andrew B. DOPPELT, Defendant.**

**Bankruptcy No. 84B8684.
Adv. No. 84A1174.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

Jan. 7, 1986.

Margaret E. Garms, Continental Illinois Nat. Bank and Trust Co. of Chicago, Chicago, Ill., for plaintiff.

Eugene Crane, Dannen, Crane, Heyman & Haas, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO STRIKE THIRD AMENDED COMPLAINT

JACK B. SCHMETTERER, Bankruptcy Judge.

This cause comes before the Court on the Motion of ANDREW B. DOPPELT ("debtor") to strike the Third Amended adversary Complaint filed by CONTINENTAL ILLINOIS NATIONAL BANK AND TRUST COMPANY OF CHICAGO ("Continental") and to dismiss the suit. That Complaint sought to have a large judgment recovered against debtor declared nondischargeable under Bankruptcy Code § 523(a)(2). For the reasons stated below, the motion is denied. Because of the frequency of meritless motions filed in many cases to dismiss claims brought under § 523(a)(2), this opinion has been prepared.

## PLEADINGS AND PENDING MOTION

On June 14, 1985, Continental filed its Third Amended adversary Complaint seeking a determination of non-dischargeability of debt pursuant to 11 U.S.C. § 523(a)(2). The Complaint alleges on or about January 27, 1982, debtor as President of Entegral, Inc. ("Entegral") sent to Continental a letter and enclosures. It was represented therein that Entegral had made great profits in 1980 and 1981, and that its 1981 sales were above those for 1981. A meeting occurred on February 12, 1982, at which debtor provided Continental with a handwritten financial statement for his corporation, Entegral, which showed a profit of $67,483 (16.23% of sales) for the six-month period ending November 30, 1981. Debtor allegedly represented that the handwritten statement was necessary because no financial statements prepared by accountants were available. A second meeting occurred on February 16, 1982, at which debtor represented that he did not want to sell his business, and that only certain specific business equipment secured a loan from Aetna Bank.

Continental pleads that it relied upon the foregoing handwritten financial statement and various oral representations in making loans in the amount of $501,000 to debtor's corporation Entegral. Those loans were guaranteed by debtor.

The Complaint further alleges upon "information and belief" that the written financial statements and oral representations were false. The allegations based upon "information and belief" are accompanied with factual statements upon which the belief is founded. In that regard, plaintiff alleges that debtor's father (who was former President of Entegral) brought Continental a financial statement prepared by Entegral's public accountant for the six month period ending November 1, 1981, showing substantial losses. Also, Entegral's business broker told Continental that debtor had tried to sell Entegral's assets, and Aetna told plaintiff that it held a security interest in all Entegral's equipment (which interest a search found to have been perfected).

Finally, the Complaint alleges the loans were not repaid and that Continental obtained a judgment for $586,976.10 against debtor as guarantor upon which unsatisfied judgment a Proof of Claim has been filed in this proceeding.

Debtor moved to Strike the Third Amended Complaint, asserting that the allegations are supported by conclusions of law rather than facts as required by 11 U.S.C. § 523(a)(2). Debtor also seeks to have the suit entirely dismissed for failure to state or to be able to state a claim upon which relief can be granted.

## DISCUSSION

Debtor contends that Continental fails to plead fraud with particularity, and further complains that plaintiff supports some of its allegations of fraud upon "information and belief". Rule 9(b) F.R.Civ.P. requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."

The Seventh Circuit has stated that Rule 9 must be read together with Rule 8 which requires that the plaintiff give notice of his claims through a simple, concise and direct statement. *Tomera v. Galt*, 511 F.2d 504 (7th Cir., 1975). When the claim involves fraud, the plaintiff is required to give more than notice and must state "with particularity" the circumstances constituting the fraud. *Id.* at 508. Allegations of sufficient particularity are required to ensure that the defendant may adequately respond to the Complaint as well as to protect him from unjustified injury to reputation. *Rudolph v. Merrill Lynch, Pierce*, 100 F.R.D. 807, 809 (N.D.Ill.1984).

"Generally, a Complaint is considered sufficient when it sets forth the time, place, particular contents of the false representations, the identity of the party making the misrepresentation, and the con-

sequences of the misrepresentation." *Id.* at 809. When pleading fraud, facts which are not "peculiarly within the adverse party's knowledge" may be pled upon "information and belief" if accompanied by a statement of the facts upon which the belief is founded. *Duane v. Alternburg,* 297 F.2d 515 (7th Cir., 1962).

■ Application of the foregoing standards to the allegations of the Complaint here demonstrates that the averments of fraud have been pled with sufficient particularity to comply with Rule 9. The Complaint alleges that at a meeting held at 231 South LaSalle Street, Chicago, Illinois on February 12, 1982, debtor provided Continental with a handwritten financial statement showing that his business Entegral had been profitable for the six month period ending November 30, 1981 (¶ 2, 3, 6 Compl.). Doppelt allegedly told Continental that statements prepared by an accountant were not available (¶ 6 Compl.). At a meeting in September, 1982, debtor's father, Phillip Doppelt, showed Continental's representatives a financial statement prepared by an Entegral accountant. That document showed Entegral to have suffered substantial losses for the six month period ending November 1, 1981 (¶ 9(b) Compl.). From that information, Continental is "informed and believes" that the handwritten financial statements provided by debtor were false (¶ 9 Compl.). In reliance upon the handwritten statement, Continental made loans in the amount of $501,000 to debtor's business which were guaranteed by debtor (¶ 8 Compl.). The loans were not repaid by Entegral and Continental obtained a judgment against debtor on June 5, 1984. The time, place, contents of the representations, identity of the parties and consequences are all alleged.

■ Debtor also argues that Continental should have but did not attach to the Complaint a copy of the accountant's financial statement which is the basis for the claim of misrepresentation. Though a plaintiff must plead fraud with particularity, he is not required to attach copies of evidence documents in order to establish his claim.

The financial statement can be obtained through the discovery process.

■ Debtor has captioned his pleading as a Motion to Strike but seeks to have the Complaint dismissed for failure to state a claim upon which relief can be granted. When a Motion to Strike attacks the sufficiency of the Complaint the Court may treat it as a Motion to Dismiss. *Boerstler v. A.M.A.,* 16 F.R.D. 437 (N.D.Ill.1954).

On a Motion to Dismiss, the allegations of the Complaint are taken as true and the facts are viewed in a light most favorable to the non-moving party. *Wolfolk v. Rivera,* 729 F.2d 1114, 1116 (7th Cir., 1984). The motion is granted only if it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief. *Id.* at 116.

Continental asserts a claim under 11 U.S.C. § 523(a)(2) which states in pertinent part:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

(B) use of a statement in writing—

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive;

Continental has not set forth which subsection of § 523(a)(2) upon which it is asserting a claim for relief. Assuming it is asserting a claim under both subsections, it is necessary to analyze the allegations of the Complaint to ascertain whether it has

**128**

alleged the elements necessary to prove a claim.

 In order to establish a claim for relief under 11 U.S.C. 523(a)(2)(A), Continental must allege that debtor obtained the loans for Entegral:

(1) through false representations which the debtor knew to be false or made with such reckless disregard for the truth as to constitute willful misrepresentation;

(2) acted with an intent to deceive; and

(3) that Continental reasonably relied upon the false representations.

*In Re Kimzey*, 761 F.2d 421, 423 (C.C.A. 7, 1985). The elements necessary to establish a claim for relief under 11 U.S.C. § 523(a)(2)(B) (use of a false financial statement) are outlined in the statute cited above.

The Complaint alleges false representations, both oral and written, of an insider's financial condition which were relied upon by Continental when making loans to Entegral. However, the Complaint fails to state specifically that debtor acted "with an intent to deceive" Continental as required by § 523(a)(2).

 Pursuant to Rule 9 F.R.Civ.P., "... intent ... may be averred generally." The Seventh Circuit has held that to plead the elements of a case, the complaint must contain either direct allegations on every material point necessary to sustain a recovery,

"... or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial."

*Sutliff Inc. v. Donovan Companies Inc.*, 727 F.2d 648, 654 (7th Cir.1984). For the scienter element of a § 523(a)(2) claim,

"... an intent to deceive may legally be inferred from a false representation that the debtor knows or should know will induce another to make a loan."

*In Re Kinzey*, 761 F.2d 421, 424 (7th Cir. 1985). Those facts have been pleaded here. Therefore, the thrust of the Complaint clearly is that debtor intended to deceive

Continental into providing financing through use of false oral statements and also a false handwritten financial statement. Certainly plaintiff has the burden of proving such intent to deceive at trial. Continental's failure to use the precise words from the statute is an insufficient ground upon which to dismiss the Complaint.

IT IS HEREBY ORDERED that the Motion to Strike the Third Amended Complaint of Continental is denied. By separate Order, defendant will be required to answer the Third Amended Complaint.